Kennion v. Kelsey, et al.

give additional reasons why this defense was properly over-ruled.

Judgment affirmed.

KENNION v. KELSEY, et al.

1. NOTE AND MORTGAGE. Where a promissory note and a mortgage to secure the payment of the same were executed at the same time, and the mortgage contained the following stipulations: "but it is agreed general execution shall not issue herein," it was held that the instruments constitute but one contract, and that the mortgagee could not recover a general judgment on the note, his remedy being limited to the mortgaged property alone.

*Appeal from Monroe District Court.*

SATURDAY, JUNE 9.

ACTION for the interest due on a promissory note. The defendants in their answer set out a mortgage which they allege was executed cotemporaneously with the note, and as a part of the same contract; that it was stipulated in said mortgage that the plaintiff's remedy for the enforcement of the collection of said note should be and was limited to the mortgaged property; and that he was not entitled to recover a general judgment on said note against defendants. To this answer there was a demurrer which was sustained. Judgment for plaintiff, and defendants appeal.

*Carlos R. Kelsey* and *Calvin Kelsey pro se*, relied upon section 2085, Code of 1851; Story on Cont. section 634, and the authorities there cited; 1 Par. Cont. 15 and the authorities cited.

*Perry & Dashill* for the appellee.

LOWE, C. J.—In this case the note and mortgage were executed simultaneously and make one contract. The mort-

gage contains the following stipulation: "*but it is agreed that general execution shall not issue herein.*" This covenant was incorporated·in the mortgage for some purpose. What was that purpose? It seems to us that there can be but one answer given to this question. It is that the mortgagee should look to the land mortgaged alone for the satisfaction of his debt in case he resorted to any remedial process to enforce his claim. Under this contract he can never have a general execution, and therefore as a matter of legal propriety he is not entitled to a general judgment, but is limited in his remedy to a special proceeding against the mortgage premises.

If we are right in this construction of the covenant in question, it was not competent for the plaintiff to violate his contract by instituting a proceeding on the note strictly *in personam*, for the purpose of obtaining a general judgment; and the plea of the defendants setting up this agreement, in connection with the mortgage and note should have been sustained and not overruled. Yet the court, as we think, erroneously sustained a demurrer to this plea, and rendered a general judgment against the defendants, which they now have a right, in the face of their contract, to have satisfied out of any property they can find, not otherwise exempt, belonging to the defendants. But it may be said as it was said by the counsel for the appellee, that if the plaintiff should have any property levied upon other than the property mortgaged, the defendants might resort to their injunction. Grant this to be so. What would be the ground of relief, if any was afforded? Surely it must be that inasmuch as the plaintiff stipulated at the time he entered into this contract with the defendants, what should be the character of his remedy, in the event the defendant failed to perform, he should now be restricted to that remedy, and for that reason he must be restrained from satisfying his judgment by a general execution. If such would be the decision under an application for an injunction, why not make it now and put an end at once to the strife? The plea of the defend-

ants should have prevailed, and the plaintiff should have been turned over to his proper remedy against the property, unless he had some new matter to offer as evidence.

Judgment reversed and the cause remanded, to be disposed of in accordance with the above opinion.