ALEXANDER, (ALLISON v.)
[See Allison v. Alexander, Case No. 251.]

ALEXANDER, (BENNET v.)
[See Bennet v. Alexander, Case No. 1,310.]

ALEXANDER, (BRYAN v.)
[See Bryan v. Alexander, Case No. 2,064.]

## Case No. 166.

ALEXANDER v. CENTRAL R. R. OF IOWA.

[3 Dill. 487;[1] 1 Cent. Law J. 543.]

Circuit Court, D. Iowa. 1874.

RAILWAY MORTGAGE—FORECLOSURE—PARTIES.

1. A provision in a railway mortgage, authorizing the trustee, on default of the company to pay interest, to take possession of the road, operate it and receive its income, and upon notice, to sell it, is a cumulative remedy, and does not affect the right to foreclosure by bill in equity.

[Cited in Guaranty Trust & Safe-Deposit Co. v. Green Cove Springs, etc., Co., 11 Sup. Ct. Rep. 514, 139 U. S. 137. Distinguished in Stern v. Wisconsin Cent. R. Co., Case No. 13,378.]

2. The special provision of the deed of trust in question, held not to require a majority of the bondholders to unite in a suit to foreclose for interest, or request the trustee to bring such suit.

[Distinguished in Stern v. Wisconsin Cent. R. Co., Case No. 13,378.]

3. If a trustee improperly refuses to bring such suit, an individual bondholder may bring it for himself and others, and make the trustee a party defendant.

4. On a dismissal, by the plaintiff, of the bill as to the trustee, the court has a discretion to allow the trustee to file a bill for the benefit of all the bondholders.

[In equity. Suit by Charles Alexander and others against the Central Railroad of Iowa and another for foreclosure of mortgage. On demurrer to bill. Demurrer overruled.]

This is a bill in equity to foreclose a mortgage made by the defendant on its railroad and property. The bill is filed by the plaintiffs as bondholders, who allege that they bring it for themselves and all other bondholders who are similarly situated. It charges default in the company to pay interest. It alleges that the plaintiffs have made a demand on the trustee in the mortgage, viz., the Farmers' Loan & Trust Com-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

pany of New York, to bring the suit, and its refusal, and the said company is therefore made a defendant. There is no averment in the bill that a majority of the bondholders unite in bringing it, or united in the request to the trustee to bring it. The trustee appears and files an answer, setting up that a majority of the bondholders have never demanded action on the part of the trustee, and that it is willing to submit to the direction of the court as to its duty in the premises, and to become plaintiff if the court so orders. The railroad company demurred to the bill, on the ground that under the provisions of the deed of trust there could be no foreclosure by bondholders, or by the trustee, unless a majority of the bondholders so desired, and there was no such averment. The following are the provisions in the deed of trust relied on in support of the demurrer: "And the said party of the first part (the railroad company) doth hereby covenant, promise and agree, for itself, its successors or assigns, to and with the said trustee, its successor or successors, that the said company will well and truly pay each and every of said bonds issued by them, and secured by this mortgage, together with the semi-annual interest to become due thereon, at the rate of seven per cent. per annum, at the times, in the manner, and at the places specified therein, in United States gold coin. And that in case said company shall, for the space of six months, make default in the payment of said semi-annual interest to become due upon any, either, or the whole of said mortgage bonds, then, after the expiration of twelve months from the time it became due, and without demand or notice, at the election or option of a majority of the holders of said bonds, the whole principal sum mentioned in each and all of the said mortgage bonds then outstanding shall forthwith become due and payable, and the lien or incumbrance hereby created for the security and payment thereof may at once be enforced. And it is agreed, in case of the default of the payment of the semi-annual interest, as above provided, that said trustee, or its successors, is hereby expressly authorized and empowered, upon the request in writing of a majority of the owners or holders of said bonds, to enter into and upon, and to take actual possession of all the property, real and personal, and rights, franchises and privileges of the premises hereby conveyed, and each and every part thereof, and by their agents or attorneys, have, hold, use, and enjoy the same, and from time to time make all repairs and replacements, and all useful alterations, additions and improvements thereto, as fully as the parties of the first part might have done before such entry; and to collect and receive all tolls, freight, incomes, rents, issues, and profits of the same and of every part thereof, and the said trustee, and its successors, shall and may, and hereby is expressly authorized and empowered to sell at public auction, to the highest bidder, the entire property, real and personal, rights, franchises, and privileges herein conveyed. Said sale shall be either in the city of Marshalltown, Iowa, or in the city of New York."

Platt Smith and J. F. Duncombe, for plaintiffs.

Boardman & Brown, for railroad company.

Grant & Smith, for trustee.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. 1. The authority in the deed of trust to the trustee, on default of the payment of interest, and upon the written request of a majority of the bondholders to take possession of the road, to operate it and receive its income, and on three months' notice to sell the same, and divide the proceeds of the sale pro rata among the bondholders, is a cumulative remedy for the benefit of mortgage creditors, and does not exclude their right to resort to the judicial tribunals for a foreclosure. Especially is this so, as the laws of the state of Iowa forbid sales under powers of this character by proceedings out of court.

2. Provisions in an instrument of this character limiting the right of a mortgage creditor to resort to a court of chancery to foreclose his security, are not to be extended beyond the fair meaning of the language used; and it is our opinion that there is no restriction in the deed of trust before us, upon the right of the coupon-holder to foreclose for interest upon default, although a majority of the bondholders do not unite in the suit, or request the trustee to bring it. The provision in question gives a majority of the bondholders, on default of the payment of interest, the option or election, after the expiration of a year from the default, to have the whole principal sum become due at once, and the mortgage security enforced accordingly. This is not inconsistent with the unabridged right of any coupon-holder to foreclose for interest, in the manner sought in the present bill, and it was not necessary that a majority of the coupon-holders should unite in bringing the bill, or in a request to the trustee to bring it.

3. As the bill alleges that the trustee refused to bring suit, the bill was properly brought in the name of the plaintiffs, for themselves and the other coupon-holders, making the trustee a defendant.

4. If the plaintiffs elect to dismiss the bill as to the trustee, we will allow the trustee to become a party plaintiff, and to file a bill for the benefit of all the bondholders; but it would be anomalous to have the trustee on the record both as defendant and plaintiff in the same proceeding. The de-

murrer of the railroad company to the bill is overruled.

Ordered accordingly.

NOTE, [from original report.] See Galveston H. & H. R. Co. v. Cowdrey. 11 Wall. [78 U. S.] 459; Gillman v. Illinois, etc., Tel. Co., [91 U. S. 603.]