MORGAN *v.* KANSAS PAC. RY. CO. and others.

*(Circuit Court, S. D. New York. September 11, 1882.)*

1. SUIT BY BONDHOLDER OF RAILROAD—WHAT MUST BE ALLEGED AND PROVED.
    Where an action is brought by a bondholder of a corporation for an accounting and an injunction against a railroad company, wherein he makes the trustee under an income mortgage defendant, it must be alleged and proved that such trustee has been requested to bring such action, and that he neglected and failed to do so, and that he is, therefore, made a defendant in the action.

2. SAME—NECESSARY PARTY.
    A party who is a sole trustee under an income mortgage of a railroad corporation, is a necessary party to a suit against such corporation for an accounting and an injunction, and on failure to join him as such the bill will be dismissed,

although it is shown that he was not and could not be found within the district to be served with process, where the issue is as to whether he was requested and refused to sue.

In Equity.

Bill in equity by the holder of certain coupons attached to income bonds of the Kansas Pacific Railway Company, for an accounting and a decree of payment. The plaintiff sues "on behalf of himself and all other holders of income bonds who may show themselves entitled to relief, and who shall in due time come in and ask relief by and contribute to the expenses of this suit." Lewis, the trustee of the bonds, was named as defendant to the bill, but was not served with process, and did not appear in the cause. The bill averred a request upon Lewis to bring this suit, but no proof of the averment was offered at the hearing.

*G. H. Forster,* for plaintiff.

*J. F. Dillon* and *A. H. Holmes,* for defendants.

BLATCHFORD, Justice. Benjamin W. Lewis is named in the bill as a defendant. Process of subpœna is prayed against him in the bill. The bill avers that "during the several years last past the defendant Benjamin W. Lewis has duly become sole trustee under said income mortgage," and "has been requested to bring an action for the accounting and injunction asked by the plaintiff herein, but he has neglected and failed to bring such action or comply with said request, and he is, therefore, made a defendant in this action." The answer of the Kansas Pacific Railway Company admits that "during several years last past Benjamin W. Lewis has been the sole trustee under said income mortgage, but it has no knowledge or information sufficient to form a belief as to whether or not he has been requested by complainant to bring an action for the accounting and injunction asked by complainant herein." This raises an issue as to the request to Lewis.

Lewis, being the trustee under the mortgage, is the proper party plaintiff in a suit of this character, and some good reason must appear of record why he does not sue as plaintiff; and, in such case, he must be made defendant. The bill recognizes this necessity, and hence makes the averments referred to. The averment as to the request to Lewis is controverted, but it is not proved on the part of the plaintiff. It would be necessary to prove it, even though Lewis were served with process or appeared. It is not alleged in the bill that he is beyond the jurisdiction of the court, nor is that fact proved. The bill, it is true, describes Lewis as "of the city of St. Louis," and

as "a citizen of the state of Missouri." But that is not sufficient. And even if it were shown that Lewis was not and could not be found within this district, to be served with process, there is nothing in section 737 of the Revised Statutes which makes it proper for the court to adjudicate the suit without the presence of Lewis, because the issue as to whether Lewis refused to sue, as stated, is one on which Lewis must be heard, and under section 737 he cannot be concluded or prejudiced by a decree rendered in his absence. The statute cannot be construed so as to convert real parties and necessary parties into no parties at all. There is, in this case, no suit to adjudicate unless Lewis be plaintiff, or unless, if he be defendant, he be served or appear. Rule 47 in equity is to the same purport. It makes it discretionary with the court to proceed, as does section 737.

For the foregoing reason, and without deciding expressly or impliedly any other question raised in the case, the only disposition that can now be made of the suit is to dismiss the bill, with costs, but without prejudice to any other suit in any court.