### SPIES *v.* CHICAGO & E. I. R. Co.

*(Circuit Court, S. D. New York.   March 21, 1887.)*

PARTIES—TRUSTS—RAILROAD BONDS.

In an action by a holder of the bonds of a railroad company, secured by a deed of trust, merely to compel the defendant company to fulfill the agreements on its part contained in the deed of trust, and not seeking to reach in any way the security provided in said deed, or the income of the road, through the rights or powers of the trustee, the latter is not a necessary party.

In Equity.   On demurrer to bill.

*John W. Weed,* for plaintiff.

*Austen G. Fox,* for defendant.

WHEELER, J. The bill alleges, in substance, that the defendant issued bonds of $1,000 each, to the amount of $1,000,000, by each of which it promised to pay the bearer the principal sum of $1,000 on the first day of December, 1907, and such interest on the first day of December annually, if any, as should be declared and fixed by the board of directors, not exceeding 7 per cent., in accordance with a deed of trust to a trustee pledging and appropriating the net income and earnings of the road of the defendant as security for the payment of the principal and interest; that the deed of trust provides that the directors shall, in the month of October annually, ascertain, fix, and declare what amount of net earnings of the preceding year is justly applicable to the payment of interest on these bonds; that, if they adjudge that a specific sum is available for that purpose, they shall enter a resolve in the nature of a final award declaring what sum is available out of that year's net earnings for that purpose, and the rate of interest payable on each bond; that the payment shall be advertised; that the defendant will promptly furnish the funds necessary to make the payment, and set apart so much of its net earnings as a specific trust fund for such payment; and, that, if the defendant shall fail to deposit the full sum necessary to pay the interest in any year, the trustee shall have power, at his discretion, and upon the written request of the holders of a majority of the bonds, to demand, take, and hold possession of the road and equipments, and

receive the income and revenue therefrom, until the net amount shall be sufficient to pay all the then arrearages of interest; that the orator has been the owner and holder of such bonds, to the amount of $62,500, since September 1, 1883; that since then the defendant, its officers and directors, have conspired to fraudulently compel the orator and other holders of the bonds to surrender the same, and to fraudulently withhold net earnings properly payable thereon, and for that purpose have made false, fraudulent, and fictitious ascertainments of the income, setting forth the particulars thereof, whereby the orator and other bondholders have been deprived of their share of the net income. The prayer of the bill is for the ascertainment and payment of the amount justly due for interest. The defendant has demurred to the bill.

The only ground of demurrer urged or relied upon is that the trustee is not in any manner made a party to the bill; and several cases, and particularly *Morgan* v. *Railway Co.*, 21 Blatchf. 134, 15 Fed. Rep. 55, and *Barry* v. *Railway Co.*, 22 Fed. Rep. 631, are cited. If the orator was seeking to reach the income through the rights or powers of the trustee conferred by the deed of trust, there is no question but that the trustee would be a necessary party. But that is not the case. The orator is seeking only to compel the defendant to fulfill its agreement fairly and honestly, and not undertaking to reach any of the security provided by the deed of trust. The deed of trust is referred to for the specification of the amount of interest which the defendant agreed to pay, and is not sought to be enforced at all. The orator is not seeking to foreclose the mortgage, or to execute the pledge, but is endeavoring to collect the debt secured. The amount of the debt is in dispute, according to the bill, and an account or ascertainment is necessary to determine the amount. The trustee could not bring this suit, and has no interest in it as trustee. The cases referred to are where the property securing the debts through a trustee was sought to be reached, and in that respect are distinguishable from this.

Demurrer overruled; the defendant to answer over by next May rule-day.