AMERICAN TUBE & IRON CO. *v.* KENTUCKY SOUTHERN OIL & GAS CO. *et al.*

(*Circuit Court, D. Kentucky.* April 19, 1892.)

No. 6,168.

1. MORTGAGES—FORECLOSURE—TRUSTEE AND BONDHOLDERS.
When a mortgage is made to a trustee to secure coupon bonds, the right to bring suit of foreclosure is in the trustee, which right, however, is not exclusive of the bondholders unless made so by the terms of the deed.

2. SAME.
Where a trustee in a mortgage securing coupon bonds accepts the position of trustee in a subsequent deed of general assignment made by the mortgagor for the benefit of all his creditors, which embraces the property covered by the mortgage, the respective interests to be represented by the trustee under the deed are conflicting and antagonistic, and such acceptance causes a forfeiture of any preference the trustee might otherwise have had, as against the bondholders, to bring suit to foreclose the mortgage.

**3. SAME—POWERS OF BONDHOLDERS.**

> A mortgage made to a trustee to secure coupon bonds provided that, in case of nonpayment of any one of the bonds or coupons for 30 days after maturity and payment demanded, it would be lawful for one fifth or more of the holders of the bonds to cause the principal to be at once matured, and to call on the trustee to foreclose the mortgage. *Held*, that the bondholders alone were to exercise the option, and the trustee need not join with them therein.

In Equity. Bill by the American Tube & Iron Company against the Kentucky Southern Oil & Gas Company and others to foreclose a mortgage. Demurrer to the bill overruled.

*Chas. C. Dickey, James S. Pirtle,* and *Walter Evans,* for complainant.

*Stone & Sudduth,* for defendants.

BARR, District Judge. The counsel for defendants insist that their demurrer to the bill should be sustained because, under the mortgage, complainant has no right to such a foreclosure of the mortgage, but the trustee must bring such suit. The demurrer is filed by all of the defendants, and, while some of these have no interest in the question presented by counsel in support of the demurrer, others of them have, and it should therefore be considered. That question is whether or not the complainant, as bondholder, can sue for itself and other bondholders who may come in. This question may be determined by a reference to the mortgage deed. Where a mortgage is made to a trustee to secure coupons bonds to be issued, the right to foreclose the mortgage is in the trustee; but this right to have a foreclosure is not exclusive of the bondholder, unless made so by the terms of the mortgage or deed of trust. The trustee, however, has the preference unless there is some reason why the bondholders should sue rather than the trustee. This mortgage provides that—

> "In case the said oil company shall fail to pay any one of said bonds for thirty days after the same shall have matured and its payment been demanded at the place of payment, or in case the said oil company shall fail to pay any one of the coupons upon any of the said bonds for thirty days after the same shall have matured and been demanded at the place of payment, then it shall be lawful for the holder or holders of one fifth or more of said bonds to cause the principal thereof to be at once matured, and to call upon the said trustee to foreclose this deed of trust and have the property sold by due and proper legal proceedings, for the benefit of the holders of the said bonds and coupons, first, however, indemnifying the trustee for its costs and expenses to be hereby incurred."

Another provision of the deed of trust is that—

> "The said trustee shall not be compelled to do anything under this deed of trust until satisfactorily indemnified from all costs and expenses or liability therefor, and shall not be liable for any acts of agents or servants employed by it in the necessary conduct of its trust, but shall only be liable for its own acts."

There is no provision in this deed which excludes in terms the bondholders from foreclosing this mortgage, but it is said that the provision in regard to maturing the bonds upon the default of the mortgagor in the payment of the coupons is so connected that the bondholders cannot

mature the bonds and foreclose the mortgage without the aid of the trustee. But it will be observed that the holders of one fifth of the bonds are given the right to mature the bonds in certain events, and the trustee has nothing to do with this. It is the exercise of their option, and not his, which matures the bonds. It is true they may call upon the trustee to foreclose the deed of trust, and this privilege is connected with the other by the conjunction "and," but I apprehend the bonds would still be matured if there was no trustee to call upon, or if the trustee should refuse to bring suit to foreclose. These provisions of the deed do not, we think, give the trustee the exclusive right to foreclose the mortgage, but do show that the parties contemplated the foreclosure to be by the trustee. These provisions, and others, should give the trustee the preference as between it and the bondholders in foreclosing the mortgage, unless there is some reason why the trustee should not have such preference.

This brings us to consider whether the allegations of the complainant's bill should, if true, deprive the Germania Trust & Vault Company of the preference in bringing a foreclosure suit in this case. The bill alleges that the mortgagor is insolvent, and has made to said company a general assignment for the benefit of all of its creditors, of all its property, including the property covered by the mortgage to secure the coupon bonds, belonging to complainant and others. The deed of trust to secure these coupon bonds does not pass the legal title under the Kentucky law, but the deed of assignment does pass the legal title. This latter deed does not give the right to sell real estate without the concurrence of the grantor, or by a decree of a court. This is not because the title does not pass, but that it is prohibited by a statute of the state, which has existed since 1820. The trustee in a deed of assignment has the legal title, and may sell and pass title to personal estate without the concurrence of the grantor or an order of court. This difference as to the title which the Germania Trust & Vault Company has under the first and the second deed would not make any material difference, if there is no antagonism in the interest of the beneficiaries under the two trusts. The trustee, under the first deed, represents preferred creditors, and it is the duty of such trustee to see that all of the bonds legally issued under this deed have a preference over the general creditors of the mortgagee,—the oil company. It is the duty of the trustee, under the second trust deed, (the deed of general assignment,) to prevent, if it can be legally done, the coupon bonds under the first deed of trust getting a preference. Thus there is an antagonistic and conflicting interest to be represented under these deeds. This conflicting interest is sufficient to deprive the trustee, under the first deed, of the preference it would otherwise have, as against some of the bondholders, in bringing a suit to foreclose the mortgage.

The preference in favor of a trustee, in the absence of a contract giving a preference, is because the trustee is presumed to represent all of the bondholders, and its convenience in practice; but, if the trustee has accepted a position antagonistic to his duty as such trustee, then he for-

feits this preference as against a bondholder. It may be the complainant has some right to come into this court by reason of its citizenship, but I have not considered that question. The demurrer should be overruled, and it is so ordered.