## Daniel C. Boley v. The Lake Street Elevated Railroad Company.

1. BOND AND MORTGAGE—*To be Construed Together.*—A bond and the mortgage made to secure it, when they are made at the same time, are to be construed together, as if they were parts of one instrument and in relation to the same subject, as parts of the same transaction, together constituting one contract.

2. SAME—*Mortgage may Qualify the Terms of the Bond.*—The mortgage may, as well as the bond, describe the debt and may thus qualify the terms of the bond.

3. SAME—*Holder of the Bond may Deprive Himself of the Right to Sue.*—Where the bond and mortgage are taken together as one transaction the holder of the bond may, by express stipulation in the mortgage, deprive himself of any right of action at law on the bond, except in a certain contingency. He may vest in a trustee his right to sue upon default in the payment of his bond.

4. CONSTRUCTION OF CONTRACTS—*Restriction upon the Right to Sue.*—A provision in a mortgage restricting the right of the holder of a bond secured thereby to bring an action at law thereon upon default in the payment thereof is to be strictly construed, but is not to be set aside by such reading as is opposed to the plain meaning of the language employed.

5. NEGOTIABLE INSTRUMENTS—*What Are.*—An instrument is negotiable when the legal title to it and to the whole of the money expressed

upon its face may be transferred from one to another by indorsement and delivery by the holder or by delivery only.

6. SAME—*Restrictions upon the Right to Sue.*—An interest coupon attached to a bond for the payment of money secured by a mortgage does not lose its negotiable character because of a condition in the mortgage that suit shall not be brought upon it unless upon the happening of a certain contingency.

**Assumpsit,** on an interest coupon. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

### STATEMENT OF THE CASE.

This was an action by appellant against appellee to recover $25, the amount of an unpaid interest coupon, falling due January 1, 1895, on one of appellee's first mortgage bonds.

The case was originally brought in a justice court, where judgment was rendered against appellant, who appealed to the Circuit Court. At the trial in the Circuit Court, both parties agreed to waive a jury and submit the case to the court for trial.

On the trial appellant's attorney put in evidence bond No. 7,473 of the Lake Street Elevated Railroad Company, and an interest coupon for $25, maturing January 1, 1895, which had been clipped from said bond.

This interest coupon is on its face as follows:

" $25.                                                        $25.

On the first day of January, A. D. 1895, The Lake Street Eelevated Railroad Company will pay to the bearer, at The American Trust and Savings Bank, in the City of Chicago, or at the Farmers' Loan and Trust Company, in the city of New York, twenty-five dollars ($25) in United States gold coin, for six months' interest on its first mortgage bond, No. 7,473, without deduction for taxes as in said bond expressed.                                J. H. WHITBECK,
$25.                              ·                        Treasurer."

The bond introduced in evidence is as follows:

Boley v. Lake St. Elevated R. R. Co.

" No. 7,473.                                          $1,000.

UNITED STATES OF AMERICA.
State of Illinois.
The Lake Street Elevated Railroad Company,
First Mortgage, Five Per Cent Thirty-five Year Gold Bond.

For value received, The Lake Street Elevated Railroad
Company, a corporation, created and existing under the laws
of the State of Illinois, promises to pay to bearer (or if this
bond be registered, to the registered holder thereof), at The
American Trust and Saving Bank, in the city of Chicago,
in the State of Illinois, or at the Farmers' Loan and Trust
Company, in the city of New York, in the State of New
York, on the first day of July in the year of our Lord one
thousand nine hundred and twenty-eight (A. D. 1928), the
sum of one thousand dollars ($1,000) in gold coin of the
United States of America, of the present standard of weight
and fineness, and to pay interest thereon in like gold coin
at the rate of five per centum per annum from January 1st,
A. D. 1893, upon the presentation and surrender at said
American Trust and Savings Bank or at the Farmers' Loan
and Trust Company of the annexed coupons as they sever-
ally become due, semi-annually, on the first days of January
and July of each year until said principal sum shall be fully
paid.

Both principal and interest are payable without deduction
on account of any taxes or assessments, by whatsoever au-
thority the same may be levied.

The bond is one of a series of bonds of like tenor, date,
amount and effect, numbered consecutively from one up-
ward, all of which, whether issued or to be issued, together
with the interest thereon, without reference to the time
when said bonds shall be actually issued, are equally secured
by a mortgage or deed of trust, bearing even date herewith,
made by said railroad company to said American Trust and
Savings Bank of Chicago, Illinois, as trustee, and the Farm-
ers' Loan and Trust Company of New York City, as co-
trustee, conveying all and singular its railroad and appur-
tenances, its real and personal property, rights of property

and franchises now owned or which may be hereafter acquired by said railroad conmpany, as more particularly mentioned and described in said mortgage or deed of trust. Said bonds issued and to be issued by said railroad company, its successors and assigns, are issued subject to and in accordance with the terms and conditions of said mortgage or deed of trust; the amount of bonds to be issued is limited as provided in and by said mortgage or deed of trust.

Upon default in the payment of any interest on any of said bonds, the principal of said bonds may be made due and payable as provided in said mortgage or deed of trust.

It is agreed by the holder of this bond that no recourse shall be had for the payment of this bond, or the indebtedness evinced thereby, or the interest thereon, or any part thereof, to the individual liability of any stockholder or officer of said railroad company, such liability being waived, and by accepting this bond each successive holder assents to this provision.

This bond may be registered on the books of said railroad company at its financial agency in Chicago or in New York, and such registration noted thereon, after which no transfer thereof shall be valid, except on said books, until after registered transfer to bearer. The annexed coupons shall always be transferable by delivery.

This bond shall not be obligatory and valid until the certificate indorsed hereon has been signed by said trustee and co-trustee under said mortgage or deed of trust, or their successors.

In witness whereof, the said The Lake Street Elevated Railroad Company has caused its corporate seal to be hereto affixed, and the same to be attested by its secretary, and this bond to be signed by its president, and has attached hereto coupons authenticated by the fac-simile of the signature of its treasurer, this seventh day of April, one thousand eight hundred and ninety-three (A. D. 1893).

THE LAKE STREET ELEVATED RAILROAD COMPANY.

By JOHN A. ROCHE, President.

Attest:   O. W. BRUNNER, Secretary."

At the trial, appellant's attorney asked appellee's attorney to admit that said interest coupon was unpaid, and that appellant was the owner of the bonds and coupon, and appellee's attorney thereupon made the admission asked.

The following admissions of fact were then made:

"Mr. Richards: And I suppose you will admit that Mr. Boley, as the owner of this bond and coupon introduced in evidence, before bringing suit, and six months after this coupon was due, made demand on the trustees in the bond and mortgage referred to, to take action, because of the default in the payment of the interest, either by taking possession of the railroad of the defendant, declaring the principal sum secured by the mortgage or deed of trust due, and foreclosing the mortgage or otherwise, and the trustees refused to do.

Mr. Brown: We will admit that Mr. Boley made all the demands on the trustees that the holder of only one bond could make, and that the trustees did refuse to act on his request.

Mr. Richards: Very well; I will accept the admission as qualified."

Appellant then rested his case.

Appellee thereupon introduced the trust deed in evidence, and then asked appellant's attorney to admit that about 7,474 bonds of like tenor and effect as the one introduced in evidence by appellant had been issued and sold by appellee, and the proceeds used in constructing and equipping the appellee's railroad property, and that these bonds are owned by various and different persons throughout the country. Thereupon appellant's attorney made the admission asked. Appellee then rested its case at the trial.

Article eighth of the trust deed is as follows:

"Eighth. Every holder of the bonds secured hereby accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, under this indenture, is vested exclusively in the trustees, and under no circumstances shall the holder of any bonds or coupons, or any number of such holders, have any

right to institute any action at law upon any coupon or coupons, or otherwise, or any suit or proceedings in equity or otherwise, under this indenture, for the purpose of enforcing any payment, covenant or remedy herein, or in said bonds contained, or to foreclose this mortgage except in case of refusal on the part of the trustees to perform any duty imposed on them by this indenture in respect to such payment, covenant, remedy or foreclosure, after demand by a holder or holders of such bonds or coupons, and the production of such bonds or coupons by the holder thereof to the trustees, or the furnishing by such holders of other evidence satisfactory to the trustees that they are such holders, and the giving to the trustees of an indemnity satisfactory to them, securing them against liability by reason of the action requested, but no inaction by said trustees upon any such request shall be deemed a refusal until after the expiration of a reasonable time for the consideration thereof by said trustees.

In every case in which the trustees are authorized or required under any provision of this instrument to take any action upon the request of the holders of said bonds, the trustees shall have the right to require the person or persons representing such request to furnish proof as to the ownership of the bonds represented by him or them, by the production of said bonds, or by affidavits or other evidence satisfactory to the trustees, and if such proof be so required the said request will be without effect until such proof shall be furnished."

Appellant submitted to the court certain propositions of law which were refused by the judge; those propositions were as follows:

"1st. The court holds as a proposition of law that the plaintiff in this case is entitled to recover under the evidence offered in this case.

2d. The court holds as a proposition of law that the plaintiff in this case is entitled to bring suit in his own name upon the interest note or coupon introduced in evidence by plaintiff in this case, notwithstanding the provisions con-

tained in the bond from which the said interest note or coupon was detached and the provisions contained in the mortgage or deed of trust securing the said bond.

3d. The court holds as a proposition of law that upon the evidence introduced in this case, the plaintiff is entitled to recover in this suit in his own name, and that the right of action upon the interest note or coupon, introduced in evidence by the plaintiff, is not vested exclusively in the trustee or co-trustee, or either of them, named in the mortgage or deed of trust introduced in evidence in this case.

4th. The court holds as a proposition of law that the interest note or coupon introduced in evidence in this case by plaintiff is a negotiable instrument, and that the title to the same passes by delivery, and that the same is subject to all rules applicable to a promissory note, and that the same is not controlled by the provisions contained in the bond or mortgage or deed of trust, or either of them, introduced in evidence in this case.

The court found in favor of appellee, and entered judgment for appellee.

Herrick, Allen, Boyesen & Martin, and John T. Richards, attorneys for appellant.

Knight & Brown, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The question presented is as to the right of the particular bondholder to recover, under the circumstances, on the single coupon sued on, and involves. the right of all the holders of the $7,474,000 to recover under similar circumstances on any of the coupons which may come due during the life of the mortgage. With what the rights of the holders of coupons, only, would be, we are not now concerned.

A bond and the mortgage made to secure the same, when they are made at the same time, are to be construed together as if they were parts of one instrument, and in relation to

the same subject, as parts of the same transaction, together constituting one contract.

The mortgage may, as well as the bond, describe the debt, and may thus qualify the terms of the bond. Jones on Mortgages, Vol. 1, Sec. 71, 2d Ed.; Muzzy v. Knight, 8 Kans. 456; Meyer v. Graeber, 19 Kans. 165; Bassett v. Bassett, 10 N. H. 64; Kennion v. Kelsey, 10 Iowa 443; Crafts v. Crafts, 13 Gray 360.

In the present case, taking bond and mortgage together, it appears that the holder of the bond has by express stipulation deprived himself of any right of action at law thereon, except in a certain contingency.

Up to the happening of certain events he has vested in the trustees his right to sue upon default in the payment of his bond.

This is not an attempt to oust the courts of jurisdiction, but is merely the vesting in trustees the right to sue. Our attention has not been called to any case in which such transfer of a right to sue has been held void, although such stipulations have been in other cases considered. Kennion v. Kelsey, 10 Iowa 443; Rothschild v. Ry. Co., 91 Supreme Court of New York 103; McClelland v. Ry. Co., 110 N. Y. 469; Manning v. Norfolk South. Ry. Co., 29 Fed. R. 838; Teller v. E. T., V. & G. R. R. Co., 67 Fed. Rep. 168; Guilford v. Minn., S. S. M. & A. Ry. Co., 48 Minn. 560.

Nor are we in this case called upon to say directly whether the coupon under consideration is by itself a negotiable instrument. Suit is brought upon it by the holder of the bond to which it was attached; the question here involved is as to the rights of a holder of bonds and coupons thereto belonging.

It is manifest that the party who purchased this bond, if he read the same, together with the trust deed, must have known that he acquired with it no right of action upon default in the terms of it, or of any of the coupons belonging thereto; that such right was vested in the trustees named in the mortgage, and could not be exercised by the holder of the bond until the happening of other things.

Provisions of this kind are to be strictly construed. Guaranty Trust & Safe Deposit Co. v. Green Cove Springs & M. R. Co., 139 U. S. 137; Railroad Co. v. Fosdick, 106 U. S. 47; Morgan's L. & T. Railroad & Steamship Co. v. Texas Cent. Ry. Co., 137 U. S. 171; Alexander v. Central R. R. Co., 3 Dill. 487; Fed Cas. No. 166; Credit Co. v. Arkansas S. W. R. Co., 59 Fed. 957; Farmers Loan & Trust Co. v. Winona & S. W. R. Co., 59 Fed. 957; Mercantile Trust Co. v. Missouri, K. & T. Ry. Co., 36 Fed. Rep. 221.

Yet like other compacts strictly construed, they are not to be set aside by such reading as is opposed to the plain meaning of the language employed.

Such is the subtlety of the human mind, that with a determined will so to do, there can always be read out of expressions what is clearly therein.

It is not the province of courts, with reference to the interpretation of constitutions, statutes or contracts, to do otherwise than to diligently search for, and honestly apply, the true meaning.

Counsel ask, and we answer, that we do not hold that either the bonds or coupons are not negotiable.

An instrument is called negotiable when the legal title to the instrument itself, and to the whole of the money expressed upon its face, may be transferred from one to another by indorsement and delivery by the holder, or by delivery only. Daniel on Neg. Instr., Vol. 1, Sec. 1.

The coupon under consideration is an absolute, unconditional promise to pay a definite sum of money at a fixed time. It thereby, as counsel for appellant says, contains all the *indicia* of negotiable paper. If there is attached thereto a condition that suit shall not be brought thereon until one month after the same becomes due, or until after demand and protest, or that for six months after the coupon becomes due the right to sue thereon is vested solely in A. B., trustee, is the negotiability of the instrument thereby destroyed? If such provisions are in the mortgage securing the note, is there any inconsistency between the two instruments?

In other words, is a right by the holder to bring suit as

soon as the same is due, a necessary part of a negotiable instrument ? If the legislature of this State should provide that no suit should be brought on any instrument providing for the payment of money until ten days after the same became due, would there be, here, no more negotiable instruments? We regard the mortgage, bonds and coupons as constituting one consistent contract.

The terms of the trust deed, and thus of the contract under consideration, are so plain that the judgment of the Circuit Court must be affirmed.