GENERAL ELECTRIC CO. v. LA GRANDE EDISON ELECTRIC CO. et al.

(Circuit Court of Appeals, Ninth Circuit. May 10, 1898.)

No. 416.

MORTGAGES—FORECLOSURE—TRUSTEES—SECURED BONDHOLDERS.

A holder of bonds secured by a general mortgage to a trustee for the benefit of all the bondholders, although the right to sue belongs to him individually, may not bring a suit to foreclose the mortgage either for the interest or the principal due, without alleging that the trustee has been requested to bring the suit, and has refused, or without showing some other reason why the trustee may not represent him in the suit.

Appeal from the Circuit Court of the United States for the District of Oregon.

Frederick V. Holman, for appellant.

Dolph, Mallory & Simon, for appellee Security Savings & Trust Co.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The appellant was the complainant in a suit in which its bill was dismissed in the circuit court, upon the ground that, as holder of certain bonds, it had brought a suit for foreclosure, without alleging that it had requested the trustee to commence the suit, or alleging any reason for instituting the suit in its own name, save the fact that the mortgagor has failed to pay certain interest coupons, and the trustee has failed to bring suit or to foreclose the mortgage. The mortgage to the trustee provides that upon default by the mortgagor in payment of interest or taxes or any of the bonds as they should fall due, and the continuance of such default for the period of 30 days after notice by the trustee, the trustee might take possession of and operate the mortgaged property. The trustee was "also authorized, instead of so doing, and with or without taking of said plant, to treat the whole amount of the principal of said bonds, together with all accrued and unpaid interest, as immediately due and payable, and thereupon to proceed to sell and dispose of said property at public auction after due notice and advertisement, as provided therein, and, from the proceeds arising from such sale (after the payment of all taxes, expenses, and charges upon said property, and expenses of such sale, including compensation to said trustee, and reasonable allowance for attorney and counsel fees), to pay the said bonds and coupons." And it was further provided, as one of the conditions of said mortgage or deed of trust, that the foregoing provisions for the sale of said property by the said trustee, under the above-recited powers, should be cumulative upon the ordinary remedies of foreclosure by entry or suit therefor. The appeal challenges the ruling of the circuit court in dismissing the bill.

The rule that a holder of bonds which are secured by a general mortgage to a trustee, for the benefit of all the bondholders, may not bring a suit to foreclose the mortgage either for the interest or the principal due, without alleging that the trustee has been requested to bring the suit, and has refused, or without showing some other reason why the trustee may not represent him in the suit, has been, we believe, so generally acquiesced in that the courts have rarely been called upon either to apply the rule or to consider the reasons on which it is founded.

Said the court in American Tube & Iron Co. v. Kentucky Southern Oil & Gas Co., 51 Fed. 826:

"The preference in favor of a trustee in the absence of a contract giving a preference is because the trustee is presumed to represent all of the bondholders, and its convenience in practice; but, if the trustee has accepted a

position antagonistic to his duty as such trustee, then he forfeits this preference as against a bondholder."

In section 6210 of Thompson on Corporations it is said:

"Ordinarily, such bondholders have no right to bring an action to foreclose the mortgage, but the trustee in the mortgage, as stated in the preceding section, is the proper person to sue. But if he neglects to sue, after the happening of the condition which entitles the bondholders to a foreclosure, and after being requested by them so to do, they may bring the action to foreclose, making him a party defendant,"—citing Owens v. Railroad Co., 20 Fed. 10; Beekman v. Railway Co., 35 Fed. 3.

The appellant earnestly contends that the rule so quoted is not sustained by the authorities. We have carefully considered all the cases to which our attention has been directed, and we will briefly review them.

Alexander v. Railroad, 3 Dill. 487, Fed. Cas. No. 166, was a case in which the bill to foreclose the mortgage contained the allegation that the bondholders, who were the complainants in the suit, brought the same for themselves and all other bondholders similarly situated. The bill alleged that they had requested the trustee of the mortgage to bring the suit, and that it had refused. It contained no allegation that the complainants were a majority of the bondholders, or that a majority had made the request to the trustee. On demurrer to the bill the court said:

"There is no restriction in the deed of trust before us, upon the right of the coupon holder to foreclose for interest upon default, although a majority of the bondholders do not unite in the suit, or request the trustee to bring it. The provision in question gives a majority of the bondholders, on default of the payment of interest, the option or election, after the expiration of a year from the default, to have the whole principal sum become due at once, and the mortgage security enforced accordingly. This is not inconsistent with the unabridged right of any coupon holder to foreclose for interest, in the manner sought in the present bill; and it was not necessary that a majority of the coupon holders should unite in bringing the bill, or in a request to the trustee to bring it. As the bill alleges that the trustee refused to bring suit, the bill was properly brought in the name of the plaintiffs, for themselves and the other coupon holders, making the trustee a defendant."

This authority surely does not sustain the appellant's contention. As we read it, it is clearly in harmony with the rule which we have quoted from Thompson on Corporations. In recognizing "the unabridged right of any coupon holder to foreclose for interest, in the manner sought in the present bill," the court undoubtedly had in view the right of such a complainant to foreclose only after a request to the trustee and the trustee's refusal, for such was the manner pursued in the "present bill."

The case of Howell v. Railway Co., 94 U. S. 463, is cited. That was a case in which the right of a bondholder to foreclose the mortgage for due and unpaid interest was recognized. No question was raised before the appellate court concerning the right of the bondholder to bring the suit. The record is silent concerning the reason why it was not brought by the trustee. It may fairly be presumed that the bill contained the averment that the trustee had, upon request, refused to bring the suit, or some other averment satisfactorily explaining to the court the reason why the suit was brought by the bondholder.

In the case of Railroad Co. v. Fosdick, 106 U. S. 47, 1 Sup. Ct. 10, the court said:

"We are of the opinion that, independently of the provisions of the other articles, the trustees, or, in their failure to do so, any bondholder, on nonpayment of any installment of interest on any bond. might file a bill for the enforcement of the security by the foreclosure of the mortgage and sale of the mortgaged property. This right belongs to each bondholder separately, and its exercise is not dependent upon the co-operation or consent of any others, or of the trustees. It is properly and strictly enforceable by and in the name of the latter, but, if necessary, may be prosecuted without, and even against, them."

We search this case in vain for any expression of the court which gives countenance to the appellant's contention. The language above quoted, that the "right belongs to each bondholder separately, and its exercise is not dependent upon the co-operation or consent of any others, or of the trustees," is not pertinent to the question now before us. No issue is raised in the present case to which that language is applicable. It may be admitted that the right of the bondholder to sue belongs to him individually, and, in its exercise, he is not required to obtain the co-operation or consent of other bondholders or of the trustee. All that he is required to do is to give the trustee the opportunity first to bring the suit, in the interest of all the beneficiaries, by requesting him to do so, or to show some reason why the trustee may not represent him in the proceedings.

In the case of Hammond v. Tarver (Tex. Sup.) 34 S. W. 729, a collateral attack was made upon the decree of a court foreclosing a trust deed, and confirming the sale of property thereunder, upon the ground that the trustee had not been made a party to the suit. The supreme court of Texas held that in that state the trustee in such a mortgage is not a necessary party to the foreclosure suit. It does not follow from that ruling, however, that a holder of bonds under such a trust deed could foreclose in the courts of Texas without averring in his complaint that the opportunity had first been afforded the trustee to bring the suit.

The case of Dupee v. Rose (Utah) 37 Pac. 567, is authority for the proposition that a power to sell, contained in a trust deed, does not divest a court of chancery of jurisdiction to enforce the rights of the parties thereto; that such power is merely cumulative to that granted by law. In that case the plaintiff was the sole beneficiary of the trust deed, and no question was raised of his right to prosecute the suit.

None of the other cases cited by counsel for the appellant are believed to be in point upon the question which the appeal presents. In the main, they support the proposition that a bondholder is not deprived of the usual remedies which a court of equity recognizes as his from the fact that the trust deed contains conditions and recitals prescribing the method in which foreclosure shall be had, and imposing conditions upon the exercise by the bondholders of the right to foreclose.

We find no error in the decree of the circuit court dismissing the bill, and it is accordingly affirmed.