CONSOLIDATED WATER CO. v. CITY OF SAN DIEGO et al.

(Circuit Court, S. D. California.   August 15, 1898.)

1. PARTIES—ACTION TO PROTECT RIGHTS OF CORPORATION — RIGHT OF MORT-
   GAGEE TO MAINTAIN.
      The rule which precludes a stockholder from maintaining in his own
   name a litigation founded on a right of action existing in the corporation
   without showing a refusal on the part of the corporation to bring the
   suit does not apply to a mortgagee of a corporation, who is vested by
   the mortgage with a separate interest in the property of the corporation,
   to protect which he may maintain an action, though a right of action
   on the same grounds exists in the corporation.

2. SAME—RIGHT OF BONDHOLDER TO SUE.
      A holder of bonds of a corporation, secured by mortgage on its property
   given to trustees, cannot maintain an action in his own name in rela-
   tion to such property without showing that the trustees have refused
   to bring the action.

This is a suit in equity by the Consolidated Water Company, as a
holder of the bonds of the San Diego Water Company, against the
city of San Diego and others, to have declared unconstitutional and
void an ordinance of the defendant city fixing the rates to be charged
by the San Diego Water Company.   Heard on demurrer to the bill.

Works, Works & Ingle and Works & Lee, for complainant.
H. E. Doolittle, for defendants.

ROSS, Circuit Judge.   The complainant, a corporation of West
Virginia, brings this suit as the owner and holder of certain bonds
issued by the San Diego Water Company, and secured by a mortgage
executed by that company upon the water and water plant with and
by which it supplies the city of San Diego and its inhabitants with
water for domestic and other purposes.   The bill alleges that the
property thus mortgaged is the only property owned by the mortgagor
out of which the bonds, together with the 5 per cent. interest that
they bear, can be paid.   Its revenue comes solely from the consumers
of the water.   The city, through its municipal authorities, having
established an ordinance fixing the rates at which such water should
be so furnished, the object of the bill is to obtain the judgment of
this court declaring that the rates thereby established are so unrea-
sonably low as to amount to a practical taking of the property secur-
ing the complainant's bonds without just compensation, contrary to
the provisions of the constitution of the United States.   The ordi-
nance thus attacked was enacted, according to the bill, on the 25th day
of February, 1898, and under the provisions of the constitution of the
state of California, and of a state statute passed pursuant thereto,
went into effect July 1, 1898, to expire by limitation June 30, 1899.
The defendants to the bill are the city of San Diego, its municipal au-
thorities, and the San Diego Water Company.
      One of the points made in support of the demurrer to the bill is
that, inasmuch as the San Diego Water Company is not a party com-
plainant, and as there is nothing in the bill in respect to any refusal
on its part, upon the request of the complainant or otherwise, to in

any manner contest the validity of the ordinance in question, the bill fails to disclose capacity in the complainant to sue. It is sought to liken the position of the holder of the bonds of a corporation secured by its mortgage, in this respect, to that of one of its stockholders. Before a stockholder is permitted to institute and conduct in his own name a litigation founded on a right of action existing in the corporation, and in which the corporation itself is the appropriate plaintiff, he must show, in addition to other necessary grievances, "that he has exhausted all the means within his reach to obtain from the corporation itself the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated, effort with the managing body of the corporation to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders, as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it." Hawes v. Oakland, 104 U. S. 460, 461. But why is this so? It is because all of the stockholders have common interests, and are represented by the managing board of the corporation. The directors are their trustees, act for them, and are in duty bound to protect their rights and interests. But no such trust relation exists between mortgagee and mortgagor, or the bondholder and the corporation. A mortgagor does not represent the mortgagee, and, apart from the incidental protection afforded the latter in protecting the mortgaged property, the duty is not devolved upon the mortgagor to care for and protect the rights and interests of the mortgagee. Indeed, the rights and interests of the two are antagonistic,—so much so that the same person cannot properly represent the two at the same time, no more than can one servant properly serve at the same time two masters. I am aware that the late Judge Deady, of the district court of Oregon, in the case of Newby v. Railway Co., 18 Fed. Cas. 38, 42, put the bondholder in the same category with the stockholder, and held that neither could maintain an independent action without showing a request of the corporation to sue, and a refusal on its part to do so. But, with great respect for the learning and ability of that distinguished judge, that decision does not commend itself to my judgment. The question is but little discussed in either of the two opinions given in that case, and no notice taken of the radical difference that exists between the relation of a stockholder to the corporation, and that of the holder of its bonds secured by its mortgage. The interest conveyed by such a mortgage vests, in my opinion, in the mortgagee a separate and independent interest, which the mortgagee has a separate and independent right to protect when unlawfully assailed,—taking care, of course, to bring into the suit all necessary parties. Such was the view and the ruling of this court in the case of Consolidated Water Co. v. City of San Diego, 84 Fed. 369, and I see no good reason to change them.

But the bill shows that the mortgagee in this case was not the complainant, but two trustees,—Constantine W. Benson and Henry Livesey Cole. The interest conveyed by the mortgage was conveyed, not

89 F.—18

to the complainant, but to Benson and Cole, in trust for the holders of the bonds; and the duty of protecting the interest thereby conveyed rested upon them. They are the proper plaintiffs in a suit of this nature. To entitle a holder of bonds secured by such a mortgage to maintain a separate and independent suit, he must show a request made to the trustee to bring the suit, and a refusal on his part, or some other good reason why the trustee may not represent him in the suit. General Electric Co. v. La Grande Edison Electric Co., 31 C. C. A. 118, 87 Fed. 590; Morgan v. Railway Co., 15 Fed. 55; Barry v. Railway Co., 22 Fed. 631.

For the reason last stated, and without now considering the merits of the bill, an order will be entered sustaining the demurrer, with leave to the complainant to amend within the usual time if it shall be so advised.