CONSOLIDATED WATER CO. et al. v. CITY OF SAN DIEGO et al.

(Circuit Court, S. D. California.   March 27, 1899.)

PARTIES — MISJOINDER — RIGHT OF BONDHOLDER TO JOIN WITH MORTGAGE TRUSTEE.

As the holder of bonds of a corporation, secured by a trust deed on its property, is represented, as to such property, by the trustees, and cannot maintain a suit for its protection in his own name, except on a showing that the trustees refuse to bring it, he cannot join with the trustees in such a suit.

On Demurrer to Amended Bill.

Works & Lee and Works, Works & Ingle, for complainants.

H. E. Doolittle, for defendants.

ROSS, Circuit Judge.   To the amended bill in this case all of the defendants, except the San Diego Water Company, have filed exceptions to certain portions thereof, a demurrer, and also a motion for leave to file a plea in abatement.   The original bill was brought by the Consolidated Water Company as sole complainant.   It is a West Virginia corporation, and sues as the owner and holder of certain bonds issued by the San Diego Water Company, secured by a mortgage executed by that company upon the water and water plant with and by which it supplies the city of San Diego and its inhabitants with water for domestic and other purposes.   The object of the suit is the annulment of a certain ordinance, enacted by the city of San Diego, establishing the rates at which the San Diego Water Company shall supply such water to its consumers; it being alleged, in effect, that the rates so established are so unreasonably low as to amount to a practical taking of the property of the mortgagor without just compensation.   On demurrer to the original bill, this court held that the rule which precludes a stockholder from maintaining in his own name a litigation founded on a right of action existing in the corporation, without showing a refusal on the part of the corporation to bring the suit, does not apply to a mortgagee of such a corporation; that such mortgagee is vested by the mortgage with a separate and independent interest, which the mortgagee has a separate and independent right to protect when unlawfully assailed, taking care, of course, to bring into the suit all necessary parties.   But, as the original bill showed that the mortgagee in the present case was not the Consolidated Water Company, but two trustees,—Constantine W. Benson and Henry Livesey Cole,—it was held that the duty of protecting the interest conveyed by the mortgage rested upon them, that they are the proper plaintiffs in a suit of this nature, and that, to entitle a holder of bonds secured by such a mortgage to maintain a separate and independent suit, he must show a request made to the trustee to bring the suit, and a refusal on his part, or some other good reason why the trustee may not represent him in the suit.   89 Fed. 272, 274.   The bill was thereupon amended, by joining the trustees with the Consolidated Water Company as complainants; and one of the grounds of the present demurrer is that they are improperly so joined.

I think the point well taken. As heretofore held, the duty of protecting the interest conveyed by the mortgage rests on the trustees. Where they refuse to bring suit, upon request made to them to do so, the beneficiary has his independent action. But here there is not only no averment of any refusal on the part of the trustees to bring the suit, but by the amended bill they are joined as complainants. With proper averments and proper proof they may maintain such an action, which is done for all of the beneficiaries, including the complainant Consolidated Water Company. As the bondholder can only sue in his own name when the trustee refuses to do so, or upon showing some other good reason why the trustee may not represent him in the suit, it follows, I think, that, where the trustee does sue, the beneficiary cannot, without showing that he cannot be properly represented by the trustee. The correctness of this view is well illustrated by the plea in abatement, which the defendants other than the San Diego Water Company ask leave to file; for it is therein alleged, among other things, that the capital stock of the San Diego Water Company is $1,000,000, divided into 10,000 shares, of the par value of $100 each, and that all of the stock is owned by the complainant Consolidated Water Company, except 25 shares, of $100 each, and that the San Diego Water Company, prior to the commencement of the present suit, instituted, through the same attorneys who appear for the complainant herein, a similar suit in the superior court of San Diego county, Cal., for the annulment of the same ordinance of the city of San Diego, and upon similar grounds. If the facts so alleged in the plea be sustainable by proof, and the court should overrule the demurrer, and deny the motion for leave to file the plea, as contended by the complainants should be done, the result would be that the same party could very readily (as the plea sought to be filed alleges has been actually done), by reason of its control through the ownership of practically all of the stock of the mortgagor company, indirectly bring, in the name of the mortgagor, suit in a state court, and then bring in its own name in a federal court a similar suit to test the same question. No means by which such result can be brought about should be sanctioned.

As the demurrer to the amended bill must be sustained on the ground of misjoinder of parties complainant, it is not necessary to rule upon the motion for leave to file the plea in abatement; nor, since the bill is to be further amended, need the exceptions filed to the amended bill be determined. Demurrer to amended bill sustained, with leave to complainants to further amend within the usual time, if they shall be so advised.