BENSON et al. v. CITY OF SAN DIEGO et al.

(Circuit Court, S. D. California.   March 14, 1900.)

No. 781.

1. PARTIES—SUBSTITUTION OF PLAINTIFFS.
    In a suit by a bondholder of a water company to enjoin the enforcement of an ordinance reducing the rates to be charged by such company, on the ground that such reduction amounted to a taking of the property of the company, in which the complainant was interested as mortgagee, without compensation, the substitution as complainants of the trustees in the mortgage securing the bonds does not change the cause of action, and is permissible.

2. MORTGAGES—RIGHTS OF MORTGAGEE—SUIT TO RESTRAIN INJURY TO PROPERTY.
    A mortgagee has such an independent interest in the mortgaged property as entitles him to maintain a suit in his own right to restrain threatened injury thereto.

On motion to strike from the files the second amended bill, and on demurrer and application for leave to file plea in abatement.

Works, Works & Ingle and Works & Lee, for complainants.
H. E. Doolittle, for defendants.

ROSS, Circuit Judge.   This case is now presented to the court upon a second amended bill of complaint, which all of the defend-

ants except the San Diego Water Company have moved to strike from the files, and to which all of the defendants except that company have filed a demurrer, and have also asked leave to file a plea in abatement. In the original bill the Consolidated Water Company, a West Virginia corporation, was the sole complainant. It brought the suit as the owner and holder of certain bonds issued by the San Diego Water Company, secured by a mortgage executed by that company upon the water and water plant with and by which it supplies the city of San Diego and its inhabitants with water for domestic and other purposes. The object of the suit at the beginning was, and throughout its pendency has been, the annulment of a certain ordinance enacted by the city of San Diego, establishing the rates at which the San Diego Water Company should supply water to its consumers; it being alleged, in effect, that the rates so established are so unreasonably low as to amount to the practical taking of the property of the mortgagor without just compensation. As the original bill showed that the mortgagee was not the Consolidated Water Company, but two trustees (Constantine W. Benson and Henry Livesley Cole), it was held that the duty of protecting the interests conveyed by the mortgage rested upon them; that they were the proper plaintiffs in such a suit; and that, to entitle a holder of bonds secured by such a mortgage to maintain a separate and independent suit, he must show a request made to the trustee to bring the suit, and a refusal on his part, or some other good reason why the trustee may not represent him in the suit. Upon that ground the demurrer to the original bill was sustained, with leave to the complainant to amend. (C. C.) 89 Fed. 272, 274. The bill was thereupon amended by joining the trustees with the Consolidated Water Company as complainants; whereupon all of the defendants except the San Diego Water Company demurred upon the ground of misjoinder of complainants, which demurrer the court sustained for the reason that such a bondholder can only sue in his own name when the trustee refuses to do so, or upon showing some other good reason why the trustee may not represent him in the suit, and that, as no such showing was made by the amended bill, the beneficiary was not entitled to sue, and was therefore improperly joined as complainant. (C. C.) 92 Fed. 759. Thereupon the bill was further amended by striking out the Consolidated Water Company as complainant. It is now contended on the part of the defendants, other than the San Diego Water Company, that the present bill should be stricken from the files, and the suit dismissed, upon the ground that "it is a substitution of a different cause of action, and a substitution of persons who were not parties to the action as it was originally commenced for the sole complainant in the action as it was at first instituted."

It is well settled that it is not permissible, by amendment, to substitute for one plaintiff, suing to establish one or more rights, another plaintiff, seeking to establish another and different right or rights. But such is by no means the case here; for, as has already been said, the object of this suit has been, from the beginning, the annulment of a certain ordinance of the defendant city upon the

ground that the rates thereby established at which the defendant San Diego Water Company shall supply water to its consumers are so unreasonably low as to amount to a practical taking of the property of that company without just compensation, in which property the Consolidated Water Company, the original complainant, is alleged to be largely interested, by reason of its holding of certain bonds secured by a mortgage upon the property, and in which the present complainants, as trustees under that mortgage, are charged with the duty of protecting the interests of all of the beneficiaries thereunder, including the original complainant. Such trustees act for the bondholders in a representative capacity only, and not on account of any interest or right of their own. The present case, therefore, does not fall within the class of cases relied upon by counsel for the defendants other than the San Diego Water Company, but rather within the rule of those cases relied upon by complainants' counsel, some of which are cited below. Frese v. Bachof, Fed. Cas. No. 5,110; Lake Erie & W. R. Co. v. Town of Boswell (Ind. Sup.) 36 N. E. 1103; Morford v. Diffenbacher (Mich.) 20 N. W. 600; Johr v. Supervisors, 38 Mich. 532; Chandler v. Frost, 88 Ill. 559; Buckland v. Green, 133 Mass. 421; Harper v. Hendricks (Kan. Sup.) 31 Pac. 734; Railroad Co. v. Bedell (Ga.) 15 S. E. 676; Lombard v. Morse (Mass.) 29 N. E. 205, 14 L. R. A. 273. The motion to strike the second amended bill from the files and to dismiss the suit is denied.

Apart from the allegations of the plea in respect to the amendment already disposed of, the plea, permission for the filing of which is sought, proceeds upon the ground that the Consolidated Water Company cannot, as stockholder, maintain this suit without showing that it has attempted to obtain redress through the San Diego Water Company, and that, therefore, the present complainants cannot do so. It is quite true, as has heretofore been held by this court in this case, that a stockholder cannot, as such, maintain a suit that the corporation itself should bring, without showing that he has exhausted all the means within his reach to obtain from the corporation the redress of his grievances or action in conformity with his wishes. But the present suit is not grounded upon the fact that the complainants are holders of stock in the defendant San Diego Water Company. Indeed, it does not appear that they hold, or ever held, any such stock. But they sue as the trustees under a mortgage of the property of that company. That such mortgagees have such an independent interest in the mortgaged property as entitles them to bring suit to restrain injury thereto was held by this court in the case of Consolidated Water Co. v. City of San Diego, 84 Fed. 369, and in other cases there cited. The application for leave to file the plea to the second amended bill is denied.

The demurrer to the second amended bill is overruled, with leave to the defendants to answer within the usual time.