MACON COUNTY v. RODGERS ET AL., *Appellants*.

Note : INTEREST. A note, which by its terms bears a certain rate of interest until due, will bear the same rate after maturity.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Chas. P. Hess* for appellant.

The court erred in computing the interest at ten per cent. per annum. The note, after it became due, February 12, 1878, only bore six per cent. interest ; the contract for ten per cent. ended. *Holden v. Trust Co.*, 100 U. S. 72 ; *Brewster v. Wakefield*, 22 How. 127 ; *Burnhisel v. Firman*, 22 Wallace 170 ; section 2725, R. S. 1879 ; Central Law Journal, page 366, and cases cited ; *Burns v. Anderson*, 10 Central Law Journal, page 257, and cases cited ; *Eaton v. Boissounalt*, 5 Rep. 270, (Maine) ; *Hubbard v. Callahann*, 42 Conn. 524 ; *Pierce v. Swanpoint*, 10 R. I. 227. See English case, *Cook v. Fowler*, L. R. 7, H. L. 27.

Macon County v. Rodgers.

*Sears & Guthrie* and *J. F. Mitchell* for respondent.

(1) The finding and judgment of the circuit court was right. R. S., secs. 2728, 7110, and 7111; *Bledsoe v. Nixon*, 69 N. C. 89; *Thompson v. Pickel*, 20 Ia. 490; *Brannan v. Hursell*, 112 Mass. 63; *Spencer v. Maxfield*, 16 Wis. 178; *Cromwell v. Sac. Co.*, 96 U. S. 57; *Cox v. Smith*, 1 Nev. 161. (2) It is manifest that the parties intended the transaction for a loan to continue for a term of years. *Parri v. Caswell*, 68 Me. 80; *Shaw v. Rigby*, 84 Ind. 375.

MARTIN, C.—This is a suit on a promissory note, upon which judgment was rendered against defendants for the unpaid principal, and for interest at the rate of ten per cent. per annum. The only question presented to us in the appeal is whether the note sued on bore ten per cent. interest after maturity, or only six per cent. The note reads as follows:

"$2,000.00. ONE YEAR AFTER DATE, we, or either of us, promise, for value received, to pay to the county of Macon, for the use and benefit of Swamp Land School Fund, the sum of two thousand dollars, with ten per cent. interest thereon from date, the interest due and payable on the first day of February next, and annually thereafter, and in case the interest is not paid when it becomes due, it shall bear interest at the same rate as the principal, or if Adam Rodgers, the principal herein, fails to give additional security, when hereto lawfully requested, both the principal sum and the interest shall become due and payable forthwith.

"Given under my hand this 12th day of February, 1877.

| "A. RODGERS, | [SEAL.] |
| "C. R. HAVERLY, | [SEAL.] |
| "W. T. WILLIAMS, | [SEAL.] |
| "C. G. EPPERSON. | [SEAL.]" |

It has been a vexed question whether a note after

maturity bears the same rate of interest which, by its terms, it bears before maturity. A great deal has been and may be said on both sides. It is, however, no longer an open question in this state; this court having held in *Broadway Savings Bank v. Forbes*, 79 Mo. 226, that a note bearing a certain rate of interest until due, bears the same rate after maturity. To the same effect is *Borders v. Barber*, 81 Mo. 636. I may add here that the rate of interest in this note after maturity is not left entirely to implication. The parties have incorporated into it a stipulation relating to interest after maturity, providing that such interest shall bear interest at the same rate borne by the principal. This evidently refers to the rate at ten per cent., which the principal bears upon the face of the note. If this were not so then there would be two rates of interest applying to the instalments of interest. The note, although payable in a year, is evidently intended as security for a longer investment, a fact which gives force to the construction which continues after maturity the stipulated rate of interest.

The judgment is affirmed. All concur.