250   APPELLATE COURTS OF ILLINOIS.

Belleville Savings Bank v. Southern C. & M Co., 173 Ill. App. 250.

## Belleville Savings Bank, Appellant, v. Southern Coal & Mining Company, Appellee.

1. APPEALS AND ERRORS—*saving questions.* On appeal in an action on interest coupons, an objection that a mortgage introduced was not identified as the one securing the coupons should not be sustained where there is evidence that the coupons came from bonds of a certain number, a record of a mortgage securing bonds is introduced describing bonds with interest coupons similar to those sued on, and where though the admission of the mortgage for any purpose was objected to, the specific objection relied on was not made in the trial court and the record does not show that the point was raised.

2. NOTICE—*record of mortgage.* Where a recorded mortgage securing bonds provides that no action can be brought by bondholders until the trustee is notified of default, it would seem that the record of the mortgage is constructive notice of its provisions to bond purchasers.

3. MORTGAGES—*recovery on bond coupons.* A bondholder is not entitled to recover on an interest coupon where the mortgage provides that no action can be brought on default unless, after default and notice thereof, the trustee fails to act, nor unless a majority of the bondholders request such action, there is no proof that such notice was given, and there is proof that officers of defendant had a conversation with officers of plaintiff in which the provision in question was discussed and plaintiff's proof merely raises a doubt as to whether certain officers were present.

4. JUDGMENT—*res judicata.* A judgment denying recovery on interest coupons, on account of non-compliance with a provision of the mortgage requiring notice of default to the trustee, and allowing him a reasonable time to act and requiring a request for such action by a majority of the bondholders, will not prevent recovery on the coupons involved either in plaintiff's name or in the name of the trustees on compliance with the mortgage provisions.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 31, 1912.

FRED B. MERRILLS, for appellant.

KRAMER, KRAMER & CAMPBELL and C. H. G. HEINFELDEN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit was originally brought by James P. Rich, trustee, before a justice of the peace, of St. Clair county, Illinois, on certain interest coupons, for $25.00 each, issued by appellee, an Illinois corporation, and judgment was given by the justice against appellee for $194.68. An appeal was taken from this judgment to the Circuit Court of St. Clair county, where, by leave of court, the name of the appellant was changed from said trustee to Belleville Savings Bank, the appellant here, and the owner of said interest coupons. The cause was tried by the court without a jury and the issues, having been found in favor of appellee, judgment was entered in favor of appellee and against appellant in bar of the action and for costs.

Appellant asserts, as reasons why the judgment of the court below should be held to be wrong, that the record does not show the mortgage introduced in evidence was identified as the one securing the coupons sued on; that even if said mortgage had been so identified, it does not appear that appellant was chargeable with actual or constructive notice of any facts, which would make the promise contained in said coupons uncertain, conditional or subject to any equitable defense; that in any event it was error to render judgment against appellant in bar of its action. On the trial appellant introduced in evidence seven interest coupons, the first of which was as follows:

"No. 6.                                    $25.00

On the first day of October, 1908, the Southern Coal and Mining Company will pay to bearer, at the office of the Mercantile Trust Company, in the city of St. Louis, Missouri, twenty-five dollars, in gold coin of the United States, being six months interest then due on its first mortgage five per cent gold bond, No. 847.

JAMES Y. LOCKWOOD,
Treasurer."

252     APPELLATE COURTS OF ILLINOIS.

Belleville Savings Bank v. Southern C. & M Co., 173 Ill. App. 250.

The other six coupons were identical with the above except as to the number of the bond referred to.

The record bearing upon the first point relied upon by appellant, for a reversal of the judgment, shows that appellant introduced in evidence seven coupons for six months interest, on bonds No. 847, 848, 849, 850, 852, 853 and 854 of the Southern Coal and Mining Company. The cashier of appellant testified that the bank owned first mortgage bonds of the Southern Coal and Mining Company of the numbers mentioned in said coupons, and that the coupons introduced in evidence came off of those bonds; that the bonds came into possession of appellant about October, 1905. Appellee introduced in evidence a record of a mortgage of said company, dated October 2, 1905, securing bonds to the amount of $1,100,000 and describing certain bonds with interest coupons similar to those sued on. The president of appellee also testified that he had a conversation with certain officers of the bank early in October, 1905, just prior to the delivery of the bonds concerning the terms of the mortgage, and especially a certain clause thereof, which appears in the mortgage introduced in evidence. The production of the original mortgage was waived, but appellant objected to the introduction of the mortgage as recorded, on the ground that it was not relevant for any purpose. Appellant did not make the specific objection to the recorded mortgage, that it was not, or had not been shown to be, the mortgage referred to in the coupons sued on, and there is nothing in the record to show that this question was raised upon the trial below. Under these circumstances, we are of opinion that appellant's position upon this question should not be sustained.

Appellant's claim is that it does not appear from the proofs that appellant is chargeable with actual or constructive notice of any facts which would make the promise contained in the coupons uncertain or conditional; that the instruments sued on are absolute and unconditional promises to pay the bearer a sum

certain, at a time certain, without qualification, and that they are sufficient to support a judgment in an action of *assumpsit*. This raises the question of the right of appellee to rely as a defense upon the eleventh provision of the mortgage, which is in part as follows:

"No holder or holders of any bond or bonds or coupons, secured hereby, shall have the right to institute any suit, action or proceeding, in equity or at law, upon any of the bonds or coupons hereby secured, or for the foreclosure of this indenture or the execution of the trusts hereof, or for the appointment of a receiver, or any other remedy upon the said bonds or coupons, or under this indenture, without first giving notice in writing to the trustee of the fact that said default has occurred and continued as hereinbefore provided; nor unless the holders of a majority in amount of the bonds hereby secured, and then outstanding, shall have made a request in writing to the trustee, and have afforded the trustee a reasonable opportunity to exercise the powers herein granted, and to institute such action, suit or proceeding in its name, nor unless the trustee shall, for thirty days after such request in writing, have failed so to do, and such notification and request are hereby declared to be conditions precedent to the execution (except by the trustee), of the powers and trusts of this indenture or the appointment of a receiver, or any other remedy hereunder, or upon such bonds or coupons."

There was no proof in the record that notice in writing had been given to the trustee that a default in payment had occurred nor that the holders of a majority in amount of the bonds, secured by the mortgage, had made a request in writing to the trustee to institute suit. It is further claimed by appellant that it had no notice of the conditions of the mortgage either actual or constructive. We are inclined to the belief that the record of the mortgage was constructive notice to appellant, and all other purchasers of bonds, secured thereby, of the provisions of the same, but waiving that question, there was proof in the record to

254    APPELLATE COURTS OF ILLINOIS.

Belleville Savings Bank v. Southern C. & M Co., 173 Ill. App. 250.

show that the president of appellee, while negotiations were pending for the purchase of said bonds by appellant, had a conversation with certain officers of appellant in which the terms and conditions of the mortgage were discussed, particularly the eleventh provision above referred to; that this clause was pointed out to said officers as a safeguard in case some dissatisfied holder of a bond should attempt to bring suit. Appellant's proof raised a doubt as to whether one of the directors named as having taken part in said conversation was in fact present thereat, but it was not questioned that the other two officers were present at such conversation. The question is therefore presented whether appellant, as a holder of said bonds and coupons, is bound by the conditions of the mortgage given to secure the same.

It is further claimed by appellant that it is only where the mortgagee pursues his remedy *in rem*, in the manner provided by the mortgage, that such conditions as the one referred to should prevail, and that they do not apply to an action *in personam*, such as this, against the party or company executing the obligations. The conditions in question, however, contain no exception in this regard and no reason is presented to us why it should be held to apply to one form of action rather than another. It is also contended by appellant that notwithstanding the provisions for notice to the trustee, and a request to him to bring suit as a condition precedent to the right of a holder of said bonds or coupons, to institute suit himself, the appellant had a common law right to sue and recover upon the coupons, which could not be taken away by the conditions of the mortgage and in support of this position he specially relies upon the case of Manning v. Norfolk Southern R. R. Co., 29 Fed. 838, where the court sustained the right of coupon holders to recover a judgment at law, upon the coupons, under conditions similar to those existing in this case. We do not accede to the soundness of the

doctrine laid down in the case so relied on, but are of opinion that the true rule, governing the last two propositions of appellant, is laid down in the case of Boley v. Lake St. R. R. Co., 64 Ill. App. 305. In that case suit was brought to recover $25.00, the amount of an unpaid interest coupon of a mortgage bond of the railroad company. One of the articles of the mortgage or trust deed given to secure the same provided that no holder of any bonds or coupons should have the right to institute any action of law upon any coupon, or institute any suit or proceedings in equity, or otherwise, under said instrument except in case of refusal on the part of the trustees to perform the duties imposed upon him in that regard, after demand by such holder of such bonds or coupons and the compliance by the holder of the same, with certain conditions. The holder of the coupon had made the demand upon the trustee, but failed to comply with the conditions required by the trust deed. The trial court found in favor of the defendant and refused to give the coupon holder a judgment. On appeal it was said by the Appellate Court, in the course of its opinion, "A bond and the mortgage made to secure the same, when they are made at the same time, are to be construed together, as if they were parts of one instrument and in relation to the same subject, as parts of the same transaction, together constituting one contract. The mortgage may, as well as the bond, describe the debt, and may thus qualify the terms of the bond. In the present case, taking bond and mortgage together, it appears that the holder of the bond has by express stipulation deprived himself of any right of action at law thereon, except in a certain contingency  *  *  * nor are we in this case called upon to say directly whether the coupon under consideration is by itself a negotiable instrument. Suit is brought upon it by the holder of the bond to which it was attached; the question here involved is as to the rights of a holder of bonds and coupons thereto belonging. It is mani-

fest that the party who purchased this bond, if he read the same, together with the trust deed, must have known that he acquired with it no right of action upon default in the terms of it, or any of the coupons belonging thereto; that such right was vested in the trustees named in the mortgage, and could not be exercised by the holder of the bond until the happening of other things. * * * We regard the mortgage, bonds and coupons as constituting one consistent contract.'' The court thereupon proceeded to affirm the judgment of the trial court.

This is also the doctrine laid down by the Supreme Court of Minnesota in Seibert v. Minn. & St. L. Ry. Co., 52 Minn. 246, where it was held that it was competent for bond holders to agree among themselves upon what condition the right to bring suit may be exercised by an individual bond holder, and a provision in the mortgage that no proceeding in law or equity shall be taken by any bond holder, secured thereby, until after the refusal of the trustee to comply with the requisition first made upon him by the holders of a certain percentage of bonds secured by such mortgage is reasonable and valid; that such provisions are not made for the purpose of divesting the bond holders of their right to judicial remedies or to oust the courts of their jurisdiction, but are merely the imposition of certain conditions upon themselves in respect to the exercise of that right. We are therefore of opinion that the Belleville Savings Bank, the appellant, was not entitled, under the law and the proofs in this case, to recover upon the coupons introduced in evidence. It is plain that appellant might still, if the conditions provided for by the mortgage should be complied with, have a right to recover on the coupons in suit here, either in its own name or in the name of the trustee, and we have examined the judgment carefully to determine whether it would operate as *res judicata* to the extent of preventing a recovery

on, or the collection of these coupons under any circumstances. As a result of this investigation, however, we have reached the conclusion that the effect of the judgment rendered by the court below is only to bar a recovery in this suit, or one commenced under similar conditions, but that it would not prevent the collection of the coupons involved, by suit or otherwise, under circumstances in harmony with those contemplated and provided for by the mortgage. The judgment of the court below will accordingly be affirmed.

*Affirmed.*