ST. LOUIS-CARTERVILLE COAL COMPANY, Appellant, v. SOUTHERN COAL & MINING COMPANY, Respondent.

St. Louis Court of Appeals, June 6, 1916.

CORPORATE BONDS: Bills and Notes: Coupon Issued Subject to Limitations in Mortgage: Rights of Purchaser. Where a corporate bond of an issue secured by a mortgage recites that reference is made to the mortgage for the rights of the holders of the bonds, and the mortgage provides that no holder of the bonds or coupons shall have the right to institute suit thereon without first complying with certain conditions, a recital in an interest coupon of such a bond, that it represents interest due on the corporation's "first mortgage five per cent. gold bond No. 813," is sufficient to put a purchaser of the coupon upon inquiry, so as to charge him with notice of the provisions of the mortgage and limit his right to bring suit on the coupon without first complying with the conditions specified in the mortgage, even though he purchased the coupon after it had been detached from the bond; such a coupon not being treated in the law of negotiable instruments as a "courier without luggage."

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*James R. Van Slyke* for appellant.

(1) The coupons sued on are negotiable instruments under the law merchant and statute. Daniel's Negotiable Instruments (6 Ed.), sec. 1487; Ogden's Negotiable Instruments, p. 193; 10 Cyclopedia of Law and Procedure pp. 1173-1174-1175; Jones on Corporate Bonds, sec. 238; Kenosha v. Lamson, 76 U. S. (9 Wall.) 477; Conn. M. L. Assn. Co. v. Railroad, 41 Barb. 9; Railroad v. Cleaney, 13 Ind. 161; Craig v. Vicksburg, 31 Miss. 216; Manning v. Norfolk, 29 Fed. 839; R. S. 1909, sec. 9972. (2) The plaintiff is the bona-fide holder for value before maturity without notice. (3) The conditions and stipulations in the mortgage are not restric-

Coal Co. v. Coal and Mining Co.

tions and limitations of plaintiff's right to recover be-cause plaintiff was without notice of said terms and conditions contained in said mortgage. Manning v. Norfolk, 29 Fed. 828; Haskins v. Railroad, 74 App. Div. 31; Guilford v. Railroad, 48 Minn. 560; Muren v. Southern Coal & Mining Co., 177 Mo. App. 600.

*Kramer, Kramer & Campbell* and *Fordyce, Holliday & White* for respondent.

(1) Where, upon their face, the coupons referred to the bonds to which they were attached and purported to be for the semi-annual interest accruing thereon, the purchaser of them is charged with notice of all that the bonds contain. McClure v. Oxford, 94 U. S. 429; Muren v. Coal & Mining Co., 177 Mo. App. 600. (2) The reference in the coupons to the mortgages and bonds, and in the bonds to the terms and conditions of the mortgages, clearly charges the holders of both coupons and bonds with notice of the provisions contained in each of such instruments. McClellan v. Railroad, 110 N. Y. 469. (3) Plaintiff was fully advised through constructive notice of the terms of the mortgages securing the payment of the bonds and coupons attached thereto at the time it accepted the coupons. Muren v. Coal & Mining Co., supra; Belleville Savings Bank v. Coal & Mining Co., 173 Ill. App. 250. (4) Plaintiff's rights under the coupons are subject to all the valid provisions of the mortgages securing the payment of said coupons. Muren v. Coal & Mining Co., supra; Belleville Savings Bank v. Coal & Mining Company, supra.

NORTONI, J.—This is a suit, in as many counts, on ten separate interest coupons detached from mortgage bonds. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

Two of the coupons expressly recite that they are subject to the terms of the mortgage, and it is, therefore, conceded that plaintiff may not recover on these, in event its right to recover in this suit is denied on

the remaining eight. In the view we take of the matter, no recovery may be had on any of the coupons declared upon, and, therefore, we will treat of the first eight only.

It appears the eight coupons were issued by defendant corporation, attached to its mortgage bonds, and were secured by a mortgage deed of trust on its property situate in Illinois. Plaintiff purchased the coupons for a valuable consideration before maturity, as expressed on their face, and after they were detached from the bonds. Plaintiff was not the holder of any of the bonds and possessed no actual knowledge of their provisions; neither was it actually advised of the terms and stipulations or conditions of the mortgage securing them, which was of record in the counties of St. Clair and Clinton, in the State of Illinois, where defendant's real estate was situate.

It is conceded that the mortgage on defendant's property, securing the bonds from which the coupons were detached provides:

"That no holder or holders of any bond or bonds or coupons secured hereby shall have the right to institute any suit, action or proceeding in equity or at law upon any of the bonds or coupons hereby secured or for the foreclosure of this indenture or execution of the trust hereof or for the appointment of a receiver or any other remedy upon said bonds or coupons or under this indenture without first giving notice in writing to the trustee of the fact that said default has occurred and continued as hereinbefore provided; nor unless the holders of a majority in amount of the bonds hereby secured and then outstanding shall have made a request in writing to the trustee and have afforded the trustee a reasonable opportunity to exercise the powers herein granted and to institute such action, suit or proceeding in its name; nor unless the trustee shall, for thirty days after such request in writing, have failed so to do, and such notification and request are hereby declared to be conditions precedent to the execution (except by the trustee) of the powers and trust

of this indenture or the appointment of a receiver or any other remedy hereunder or upon such bonds or coupons."

Plaintiff sues on the coupons as if they are negotiable promissory notes, and seeks to recover judgment thereon notwithstanding the provisions of the mortgage above recited, because, it is said, they were not attached to the bonds when it purchased them and it had no actual notice of the contents of the bonds or the mortgage, other than that which appeared on the face of the coupons themselves.

The eight coupons under consideration are identical in form, save each bears a distinct serial number. We copy here the one first described in the petition, which will suffice.

" On the First day of October, 1908,
$25                          the                          $25
Southern Coal and Mining Co.
Will pay to bearer at the office of Mercantile Trust Co. in the city of St. Louis, Missouri, twenty-five dollars in gold coin of United States being six months interest then due on its first mortgage five per cent gold bond No. 813.

Jas. Y. Lokwood,
    Treasurer.                                          "

It is said the court gave judgment for defendant in the view that the coupons were subject to the provisions of the mortgage and, therefore, the right to sue thereon resided in the trustee as therein stipulated, and that it devolved upon plaintiff, as a condition precedent, to show the trustee had failed or refused to act after being requested to do so in accordance with, the mortgage provision. The argument concedes such to be the rule in a case where the coupon holder has actual notice of the provisions of the bond and mortgage at the time of acquiring the coupons, as declared in Muren v. Southern Coal & Min. Co., 177 Mo. App. 600, 160 S. W. 835. But it is argued that, here, plaintiff had no actual knowledge of the provisions of the bonds or the mortgage at the time it purchased the coupons, and

it is said the coupons must be regarded as promissory notes, for that they stipulate an unconditional promise to pay the bearer a given amount at a definite time. If nothing more appeared on the face of the coupons, the argument would inhere with much force. [See section 9972, R. S. 1909.] But, by reference to the coupon, it will appear that it recites on its face a promise to pay "Twenty-five dollars in gold coin of United States being *six months' interest then due on its first mortgage five per cent gold bond No.* 813." Although plaintiff purchased the coupons after they were detached from the bonds and before maturity for a valuable consideration, it is manifest it knew they represented interest accruing on defendant's first mortgage bonds and that such bonds bore the serial numbers indicated. This was sufficient to put plaintiff, the purchaser, upon inquiry for the bonds, and to charge it with notice of all that such bonds contain.

The Supreme Court of the United States so declared the law in a similar case where the coupons involved contained no more definite recital in respect of the provisions of the bond than here. The coupon before the court in that case was as follows:

"$25.            Oxford Township.

"On the fifteenth day of April, 1875, the treasurer of the township of Oxford, in the county of Sumner and State of Kansas, will pay to bearer the sum of $25, at the American Exchange National Bank in the city of New York, being the semiannual interest due on bond No. 1, issued April 15, A. D. 1872.

"GEORGE T. WALTON, Trustee.

"Attest: John H. Folks, Clerk" [McClure v. Township of Oxford, 94 U. S. 429, 431.] [See, also, McClelland v. Norfolk Southern R. R. Co., 110 N. Y. 469.]

It appears that all of the bonds from which the several coupons in suit were detached contained the following provisions:

"For the nature and extent of the security, rights of the holders of bonds, and the terms and conditions upon which the bonds are issued and secured, reference

is made to the said mortgage, which is duly recorded in the offices of the Recorders of Deeds in the Counties of St. Clair and Clinton, in the State of Illinois."

In treating with coupons which show upon their face that they are part and parcel of an issue of mortgage bonds identified by serial number, it should not be said in unequivocal terms that they are promissory notes, for some heed should be given to the matter of the bonds and mortgage of which they show themselves to be parcel. The law is evolved from treating and reckons with things as they are. Touching this question the Court of Appeals of New York has well said:

"If, however, these coupons contained notice to the holders of any facts or circumstances showing that the time of their payment was subject to a contingency over which the holder had no control, and which might postpone their payment indefinitely, then they could not be said to be bona-fide holders thereof, as the negotiability of the paper would be thereby destroyed. It is undoubtedly the general rule that the bonds of railroad, manufacturing, municipal and other like corporations, payable to bearer, issued for the purpose of securing loans of money, are, in this country, deemed negotiable, and coupons thereto attached partake of the same character. [Rorer on Railroads, 250; Evertson v. Bank of Newport, 66 New York 14; Thompson v. Lee County, 3 Wall. 327; Commissioners v. Aspinwall, 21 How. (U. S.) 539.] But when such instruments contain special stipulations and their payment is subject to contingencies not within the control of their holders, they are, by established rules, deprived of the character of negotiable instruments, and become exposed to any defense existing thereto, as between the original parties to the instrument. It is essential by such rules that such paper should provide for the unconditional payment to a person, or order, or bearer, of a certain sum of money at a time capable of exact ascertainment. [3 R. S. (7 Ed.), 2243, Daniels Negotiable Instruments, sections 27-104; Evertson v. Bank of Newport, supra; Frank v. Wessels, 64 N. Y. 155; Dinsmore v. Duncan,

57 id. 580.] It would seem, therefore, if these coupons were subject to the conditions that the time of their payment could be changed, altered and postponed from time to time at the option of a majority of the holders of the series of bonds simultaneously issued therewith, it would deprive them of one of the essential characteristics of negotiable paper." [McClelland v. Norfolk So. R. R., 110 N. Y. l. c. 475, 476.]

In the instant case, it appears the coupons bore unmistakable evidence on their face that they were issued in connection with and represented interest on certain mortgage bonds of defendant, which bonds are referred to by number. This recital, as said by the Supreme Court of the United States in McClure v. Oxford Township, supra, put the purchaser on inquiry for the provisions of the bond. The provisions of the bond calling into it those of the mortgage in connection therewith, limit the right to collect the amount stipulated on the face of the coupon at the time therein stated, in accordance with the conditions prescribed in the mortgage. This being true, it is clear all of the elements pertaining to negotiable instruments purchased in good faith before maturity are not present. Obviously such a coupon is not to be treated in the law of negotiable instruments as a "courier without luggage." [See Brinsmade v. Johnson, 192 Mo. App. 684, 179 S. W. 967.] It is clear, therefore, that the defenses subsisting between the original parties are available here.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.* and *Allen, J.,* concur.