LOUIS REETZ v. PONTIAC REALTY COMPANY, Appellant.—293 S. W. 382.

Division One, April 11, 1927.

**1. BONDS: Incorporating Provisions of Mortgage.** A clause in the serial bonds, secured by a mortgage, which declares that "the deed of trust or mortgage is hereby referred to and by such reference made a part of this bond," makes the covenants and agreements contained in the mortgage an integral part of the bonds, and a purchaser of the bonds purchases with notice that the provisions of the mortgage are incorporated into the obligations of the bonds.

**2. ACTION ON MATURED BONDS: Precluded by Provisions of Mortgage: Construction.** Provisions of the mortgage relied upon as depriving the holder of bonds secured thereby from suing on the bonds, which are absolute promises to pay, must be strictly construed, and the right to sue must be precluded by express terms or necessary implication. And the unconditional promise of the maker to pay the money loaned on its serial bonds remains unimpaired and must prevail unless the holder has surrendered or destroyed the right by a stipulation or agreement in the mortgage made a part of the bonds, or the statute provides that the right to sue upon a part of the series shall be postponed until the security for the debt has been exhausted.

**3. Bonds: Action on Matured Bonds: Provisions Relating to Waiver and Foreclosure.** Provisions in the mortgage, whose covenants by a clause in the bonds are made a part thereof, that "any default of the covenants herein" on the part of the mortgagor "may be waived by the trustee" and that "no holder shall have the right to sue at law or in equity for the foreclosure of the mortgage or the appointment of a receiver, or any other action, suit or remedy hereunder or hereupon without first giving thirty days notice," have reference solely to the covenants and agreements of the mortgage, and relate to waiver of defaults in the covenants in, and to actions and suits to foreclose, or remedies under, the mortgage, and do not affect the right of a holder of a part of the serial bonds to maintain an action for judgment on them after their maturity.

**4. ——: Interest: From Date to Maturity: Rate Thereafter.** Where the bonds provided that they should bear interest from their date until their maturity at the rate of five per cent, there is no express agreement that they were to bear interest after maturity, but the statute provides that interest at the rate of six per cent shall be allowed for all moneys after they become due where no other rate is agreed upon, and the court is authorized to render judgment on such bonds for interest at the rate of six per cent from the date of their maturity.

---

Corpus Juris-Cyc. References: **Corporations,** 14a C. J., Section 2612, p. 641, n. 27. **Mortgages,** 41 C. J., Section 340, p. 452, n. 3; Section 647, p. 658, n. 74; 42 C. J., Section 1740, p. 145, n. 77.

Appeal from Circuit Court of City of St. Louis.—*Hon. Franklin Miller,* Judge.

AFFIRMED.

*Buder & Buder* for appellant.

(1) All of the terms, conditions and agreements contained in the deed of trust or mortgage were incorporated into and became an integral part of the bond or note sued on, by reason of the express reference thereto embodied in said bond or note, and by reason of the recording of said deed of trust or mortgage. Muren v. Southern Coal & Mining Co., 177 Mo. App. 600; St. Louis-Carterville Co. v. South. Coal & Min. Co., 194 Mo. App. 598; Brinsmade v. Johnson, 192 Mo. App. 693; Belleville Savings Bank v. South. Coal & Min. Co., 173 Ill. App. 253; Grant v. Winona & Sw. Ry. Co., 85 Minn. 431; Batchelder v. Council Grove Water Co., 29 N. E. 801; Jones on Corporate Bonds & Mortgages, sec. 196a, page 219. (2) Plaintiff, and every other purchaser of bonds, was advised, actually and constructively, that he was brought into contractual relations with his co-bondholders, and that his absolute rights with respect to an individual suit or action on his bond, or foreclosure, or collection of principal or interest, were limited and restricted by reason of his contract with his co-bond-holders, and the provisions of the deed of trust or mortgage. Muren v. South. Coal & Min. Co., 177 Mo. App. 600; McClelland v. Norfolk

S. Railroad Co., 110 N. Y. 469; Grant v. Winona & Sw. Ry. Co., 85 Minn. 431; Batchelder v. Council Grove Water Co., 29 N. E. 801, 14 N. Y. Supp. 306. (3) It was permissible and competent for the bondholders to agree among themselves upon what condition any individual bondholder might exercise his power of action. And a provision in the trust deed that no proceeding at law or equity should be instituted by any bondholder until after the refusal of the trustee to proceed, or to comply, with the demand of a certain percentage of the holders to bring action upon the bonds or mortgage is reasonable and valid. And such provisions do not divest the bondholder of any common-law rights, nor attempt to oust the courts of their jurisdiction, but are merely certain conditions imposed by all bondholders upon each individual bondholder in respect to the exercise of their rights. Siebert v. Railroad, 53 N. W. 1134; Belleville Savings Bank v. South. Coal & Min. Co., 173 Ill. App. 250; Boley v. Railroad, 64 Ill. App. 305; Guiliford v. Ry. Co., 48 Minn. 560. (4) The bond sued on provided for the payment of five per cent interest. Therefore the bond would continue to carry the five per cent rate after maturity until the same was paid or until judgment was rendered. The court erred, therefore, in rendering judgment against defendant for interest after maturity at the rate of six per cent on said bonds. Border v. Barber, 81 Mo. 636; Macon County v. Rodgers, 84 Mo. 66; Broadway Savings Bank v. Forbes, 79 Mo. 226; Moore v. Macon Savings Bank 22 Mo. App. 684; Briscoe v. Kinealy, 8 Mo. App. 76.

*Foristel, Mudd, Hezel & Habenicht, James T. Blair, Frank X. Heimenz* and *Bryan, Williams & Cave* for respondent.

(1) The bonds sued on constitute the primary obligation for the debt, while the mortgage securing the payment of the bonds is a mere incident thereof, and the bond itself, and as alleged in the petition, contains an absolute promise on its face to pay the sum of $1,000 on July 1, 1922. Because of this absolute promise and because of the rule of law that provisions in an agreement in derogation of the common law should be strictly construed and that a deed of trust must be strictly construed against the grantor, the provisions in the deed of trust relied upon by the defendant to bar the present action should be rigidly construed. Rothschild v. Railway Co., 74 N. Y. 103; Cook on Corporations (8 Ed.) sec. 807, p. 3608; Reinhardt v. Telephone Co., 71 N. J. Eq. 70. (2) The right of a bondholder to sue at common law on the absolute promise contained in his bond is not affected by remedies provided in the deed of trust given as security for its payment unless the provisions in the deed of trust exclude such right in express terms. Muren v. South. Coal & Min. Co., 177 Mo. App. 606; Manning v. Ry. Co., 29 Fed. 838; Mt. Sterling Company

v. Bank, 147 Ky. 376; Kimber v. Gunnell Gold Min. & Mil. Co., 126 Fed. 137; Fleming v. Fairmont Railroad, 72 W. Va. 835; Marlor v. Tex. Pac. Railroad Co., 19 Fed. 867; Lyon v. Railroad Co., 15 N. Y. 348; Montgomery Society v. Francis, 103 Pa. 378; Western Pennsylvania Hospital v. Librarian Hall Co., 189 Pa. 269.    (3)   A mere reading of the foregoing provisions of the deed of trust alleged and relied upon by the defendant limiting the right to sue or have relief only upon the mortgage itself precludes the idea that they can be construed so as to exclude in express terms the right to sue on the bonds. (4)   The mere fact that the deed of trust provides for a remedy or remedies by the trustee in case of default in the payment of principal or interest does not, either expressly or by implication, prohibit an action at law by the holder of a past due bond. Cases supra. (5)   If the provisions of the mortgage pleaded by appellant are construed as appellant contends they should be, thereby preventing respondent from bringing suit on the bonds, then such provisions, so construed, directly limit or at least tend to limit the time in which an action may be brought on the bonds, and all such conditions are void. Sec. 2166, R. S. 1919; Cobble v. Royal Neighbors, 291 Mo. 125.    (6)   The bonds sued on having provided for the payment of interest at the rate of five per cent per annum from date until maturity and containing no provisions whatever with reference to the rate of interest after maturity plaintiff is entitled to receive interest at the rate of six per cent per annum from and after maturity because no other rate has been agreed upon for that time. Secs. 6491, 6493, R. S. 1919.

GANTT, J.—The petition is in eight counts on eight serial real estate building bonds in the sum of one thousand dollars each, interest at five per cent until maturity.

Appellant admitted the execution of the bonds sued on; that by such bonds it promised to pay to the bearer or holder on July 1, 1922, the sum of $1,000 each; that the bonds had been duly authenticated and that interest had been paid thereon until July 1, 1922.

It was further pleaded that (1) each of said bonds was one of a series of bonds for the aggregate amount of $350,000, and the payment of both principal and interest was secured by a mortgage on the properties therein described, and that the bonds provided: "which deed of trust or mortgage is hereby referred to and by such reference made a part of this bond;" (2) that the mortgage referred to and mentioned in said bonds was a part of said bond; (3) that the mortgage provided (a) that if default should be made in the principal sums of money in said bonds mentioned, whether the same shall have become due by election or by the regular maturity of said bonds twenty years after date thereof, then the trustee named shall thereupon be entitled to the immediate possession of said premises and shall be au-

thorized to receive and collect the rents and profits thereof; (b) that
if default shall be made in the payment of said bonds, whether the
same become due by election or by regular maturity, then the trustee,
its successors and assigns, at the request of the holders of one-fourth
value of said bonds, shall proceed to sell said property described in
said mortgage upon such terms as provided therein, and shall dis-
tribute the proceeds thereof as therein provided; (c) that the trustee
should not be obliged to foreclose the mortgage or to sell the property
unless upon a concurrent request in writing signed by the holders of
not less than one-fourth in amount of said bonds then outstanding
and upon adequate indemnity to the trustee; (d) that any default or
breach of the covenants herein may be waived by said trustee upon
being so instructed by a majority in interest of the holders of bonds,
and that no holder or holders of any bond or bonds shall have the
right to institute any suit, action or proceeding at law or in equity for
the forecloseure of the mortgage or for the appointment of a receiver
or any other action, suit or remedy hereunder, or hereupon without
first giving thirty days' notice.

Further answering, the defendant alleges that the payment of the
principal of said bonds has been waived by the trustee in said mort-
gage upon the instruction of the majority in interest of the holders
of the bonds, and that more than three-fourths in amount in interest
in the bonds have waived default in the payment of the principal, and
have extended the time of payment of the principal to July 1, 1925.

And the defendant further alleges that the plaintiff has not given
to the trustee thirty days' notice in writing of any default in the pay-
ment of the bonds, and that plaintiff has not requested the said
trustee to institute any action on the bonds under the mortgage.

All of the latter portion of the answer, setting out the provisions
of the mortgage deed of trust, was stricken out by the trial court
as constituting no defense; and the defendants having failed to plead
further, judgment was entered for the plaintiff on the pleadings.

Defendants filed its motion to set aside the judgment on the plead-
ings and for a new trial, which was by the court overruled, and defend-
ant appealed.

I.   Appellant contends the covenants and agreements of the mort-
gage were an integral part of the bonds. This contention rests on the
following clause in the bonds: "Which deed of trust or mortgage is
hereby referred to and by such reference made a
part of this bond." The language is clear and un-
equivocal. We hold the respondent purchased the
bonds with notice that the provisions of the mort-
gage are thereby incorporated into the obligations of the bonds. [Coal
Co. v. Coal & Mining Co., 194 Mo. App. 598; Grant v. Ry., 85 Minn.

**Incorporating
Mortgage Obliga-
tions in Bonds.**

l. c. 430; Belleville Savings Bank v. Southern C. & M. Co., 173 Ill. App. 253.]

II.    Appellant contends the pleaded provisions of the mortgage deprive the plaintiff of the right to sue at common law on the bonds. The bonds are absolute promises of payment, and the provisions of the mortgage relied on to restrict a common law action must be strictly construed. [Reinhardt v. Telephone Co., 63 Atl. 1097; Guaranty Trust Co. v. Railroad, 139 U. S. 137; Mack v. American Telephone Co., 79 N. J. L. 109, 74 Atl. 263; Mount Sterling Co. v. Bank, 147 Ky. 376.]    The right to sue at common law must be excluded in express terms or by necessary implication.    [14a C. J. 641.]

**Right to Sue.**

2 Fletcher on Corporations, Section 1062, states the rule as follows: "The bond is the principal debt while the mortgage is the incidental security. Remedies peculiar to each exist, both at law and in equity, but they do not destroy each other. . . .    The common-law right to sue on a bond or coupons is not affected by the remedies provided in the mortgage unless the provisions of the mortgage exclude this right in express terms or by necessary implication."

Kimber v. Gunnell Min. & Mil. Co., 126 Fed. 137, is a leading case, with the language of the mortgage in substance identical with the language of the mortgage in the instant case.    The opinion was by SANBORN, C. J., Circuit Judges VANDEVENTER and HOOK concurring; and the rule was stated as follows:

"Does the mortgage of all the property of a debtor to secure the payment ratably of its bonds or obligations held by several creditors deprive these creditors of their right to maintain actions at law against their debtor for defaults in the payment of the primary obligations, the bonds or notes of the debtor?    It is insisted by counsel for the defendant that this question was rightly answered in the affirmative by the court below: (1) Because the mortgage in this case provides that, after the default of the mortgagor has continued for six months, the trustee, on request in writing of the holders of one-fourth of the unpaid bonds, shall take possession of the property covered by the trust deed, shall foreclose the mortgage and apply the proceeds to the payment of the unpaid bonds and coupons, share and share alike, and that 'no holder or holders of any of the bonds or coupons hereby secured shall have the right to institute any suit, action or proceeding at law or in equity for the foreclosure of this mortgage or the execution of the trust hereof, or for the appointment of a receiver, or for the sale of the mortgaged premises, unless said holder or holders shall have first given notice in writing to the trustee of default having occurred and continued' during the six months, and unless the holders of one-fourth of the unpaid bonds have made the proper request to the trustee and he

has failed to take the proceedings required; and (2) because all the property of the defendant was mortgaged to secure all the bonds, and it would be inequitable to permit the holder of a few of these obligations to levy an execution upon a part or all of the mortgaged property, and in this way to disturb the pro rata distribution of the proceeds thereof and to give him an inequitable preference over his associates.

"The first reason here assigned for depriving the plaintiff of her action at law upon her bonds—which constitute the primary obligations for the debt, while the mortgage is a mere incident thereof—is not convincing. The general rule is that, for a default in the payment of money at the time and place agreed upon, or for any other breach of a contract, an action at law may be maintained, and a judgment for damages may be recovered against the obligor. Of course, the payee or obligee may stipulate away or agree not to exercise this right. But there is no such stipulation or agreement in the provisions of the trust deed to which counsel has challenged our attention, or in any of the other numerous terms which this instrument contains. A statute may provide that the remedy at law upon the primary obligation shall be postponed until the security for the debt has been exhausted. But no such statute conditions the right or remedies of the parties to this action. In the absence of any such agreement or any such statute, the ordinary right of action upon the unconditional promise of the defendant to pay the money loaned upon its bonds remained unimpaired, and it must prevail. Has this right been surrendered or destroyed by the fact that the plaintiff's obligations and those of the other creditors of her debtor were secured by a mortgage of all its property which is to be applied to pay them, share and share alike? Is it lost by reason of the alleged fact that a judgment in favor of the plaintiff will be worthless because an execution upon it may not be levied upon any of the mortgaged property, since such a levy would interfere with its equitable distribution among all the creditors secured thereby, and there is no other property to which the execution can attach? The altruistic interest of the Gunnell Company in presenting this defense for the benefit of its creditors who are strangers to this action is marked and inspiring. It is unfortunate for the plaintiff that she is beyond the pale of its abounding charity. Unfortunately for the defendant, there is no question of the rights of the other bondholders in the mortgaged property for consideration or determination in this action. They have made no complaint of its prosecution, and it will be time enough to consider the respective rights of the plaintiff and her associate bondholders in the property mortgaged to secure them when some of these bondholders present and assert their rights."

Having in mind the rule, let us examine the provisions of the mortgage. It is provided as follows:

"(1) If default is made in the payment of the principal when due, the trustee may take possession of the mortgaged property.

"(2) If default is made in the payment of the principal when due, the trustee shall, at the request of one-fourth in value of the bondholders proceed to sell the mortgaged property.

"(3) The trustee shall not be required to foreclose in any event except upon the request of twenty-five per cent of the bondholders and satisfactory indemnity.

"(4) Any default of the covenants *herein* [not defaults in the obligations of the bonds] on the part of the defendant may be waived by the trustee on being instructed by a majority in interest.

"(5) No holder shall have the right to sue at law or in equity *for the foreclosure* of the mortgage [not for judgment on the bonds] or for the appointment of a receiver, or any other action, suit or remedy *hereunder or hereupon* without" certain notice.

It will be noted that the provisions of the mortgage pleaded have reference solely to the covenants and agreements in the mortgage. The waiving of default provided for is the default of the covenants in the mortgage—not default in the obligation of the bonds. And the notice required is of actions, suits or remedies under or upon the mortgage.

Appellant directs our attention to the following cases: Muren v. Southern Coal & Mining Co., 177 Mo. App. 600; Belleville Savings Bank v. Southern Coal & Mining Co., 173 Ill. App. 250. In these cases it was provided in the mortgage that "no holder of any bond or coupon secured hereby shall have the right to institute any gift, action or proceeding in equity or at law upon any of the bonds or coupons hereby secured." This provision expressly prohibits a suit upon the bonds or coupons, and the court so ruled.

In the case of Boley v. Railroad, 64 Ill. App. 313, the mortgage contained a provision expressly prohibiting a suit upon the coupons or the bonds, and the court accordingly held that no action could be maintained.

The case of Seibert v. Railroad, 53 N. W. 1134, merely dealt with an action to foreclose the mortgage, holding that the mortgage provided for certain exclusive methods of foreclosure, and that a bondholder could not bring a suit to foreclose in a way not provided for in the mortgage.

In the case of Grant v. Railway Co., 85 Minn. 422, default was made in the payment of interest, and the trustee foreclosed the mortgage and procured a judgment of foreclosure and sale, and also a personal deficiency judgment for the full amount remaining unpaid on all the bonds after applying the net proceeds of the mortgage property. Afterwards, plaintiff, the holder of certain bonds, sued to recover in an

independent action the balance due. The court held that the implied terms of the mortgage authorized the trustee to represent the bond-holders and bind them by a deficiency judgment, which judgment barred the action by plaintiff.

In the case of Batchelder v. Water Co., 29 N. E. 801, a clause in the bonds was involved which provided: "In case of default in the payment of any of the interest coupons attached to this bond in the manner provided in the trust deed and mortgage hereinafter mentioned, then and in that case, the principal sum of this bond shall become due in the manner and with the effect provided in said trust-deed or mortgage." And a clause in the mortgage referred to provided: "If default be made by said party of the first part in any half year's interest on any of said bonds, and the warrants or coupons for such interest shall have been presented and its payment demanded, and such default shall have continued for six months after such demand, without the consent of the holders of such coupons or bond, then and thereupon the principal of all of said bonds hereby secured shall be and become immediately due and payable, anything in such bonds to the contrary notwithstanding, and said party of the second part may so declare the same, and notify the party of the first part thereof, and upon the written request of the holders of a majority of said bonds then outstanding shall proceed to collect both principal and interest of all of such bonds outstanding by foreclosure and sale of said property, or otherwise, as herein provided." The court held that the foregoing clause, by prescribing the effect it should have on the contract and the particular manner in which a default in the payment of interest should be available, impliedly excluded all other methods, and that the plaintiff could not maintain this action (two judges dissenting). This case was one whereby a bondholder sought to take advantage of an acceleration provision in the deed of trust, and the case merely shows that such acceleration provision can only be taken advantage of in the manner described in the mortgage. The case does not pass on the question of maintaining a suit on the bond after the bonds have fallen due in the ordinary course.

In the case of McClelland v. Norfolk So. Railroad Co., 110 N. Y. 469, a majority of the bondholders authorized an extension of the indebtedness prior to default; and in an action on coupons subsequently maturing and in default, the court held that under the provisions of the mortgage default could not be waived in advance.

It will be noted that the authorities cited by appellant do not qualify the rule, that only by express provision or necessary implication can the right of respondent to sue on the bonds at common law be barred, as stated in Muren v. Southern Coal & Mining Co., 177 Mo. App. 600, and in Kimber v. Gunnell Co., supra.

316 Mo.—80.

The provisions of the mortgage pleaded by appellant deal with remedies provided for in the mortgage and have no reference to respondent's right of action at common law. We rule this contention against appellant.

III. Appellant contends that the court erred in allowing interest on the bonds after maturity and until judgment at the rate of six per cent. By the bonds sued on the defendant promised to pay the sum of $1,000 each on the first day of July, 1922, with interest thereon from date thereof at the rate of five per cent until the maturity of the bonds. The contract with reference to interest is thus expressly limited to the period between the date of the bond and the date of its maturity, and there is no contract for interest after maturity. It is provided by statute that six per cent interest is allowed when no other rate is agreed upon for all moneys after they become due, and that all judgments for money upon contracts bearing more than six per cent shall bear the same interest borne by such contracts. We have held that where the instrument sued on provides a rate of interest higher than six per cent it should continue to draw the same rate after maturity. Such was the holding in the cases of Border v. Barber, 81 Mo. 636, and Macon County v. Rodgers, 84 Mo. 66. In these cases the note sued on provided for interest thereon from date without limiting in any way the time in which the note should draw the specified interest. It was the intention of the parties to the contract that the stipulated rate of interest should continue after maturity. The contract in the bonds having fixed the rate of interest at five per cent until maturity, we think the court correctly ruled that the bonds should draw interest at the rate of six per cent from maturity until the date of judgment. To hold otherwise would permit a defaulting debtor to profit by his default.

It follows that that the judgment should be affirmed. It is so ordered. All concur.