Nick KRAUS, (Plaintiff) Appellant,

v.

LACLEDE GAS COMPANY, (Defendant) Respondent.

No. 30917.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1962.

Rehearing Denied March 19, 1962.

J. Raymond Dyer, St. Louis, for appellant.

Thompson, Mitchell, Douglas & Neil, James M. Douglas, Richard L. Eckhart, and J. Peter Schmitz, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an action in two counts brought by plaintiff, Nick Kraus, against Laclede Gas Company. The relief sought in Count 1 was for a judgment ordering defendant to issue to plaintiff 48 shares of common stock of said company in exchange for 3 debentures issued by defendant and owned by plaintiff, to which plaintiff claimed he was entitled by the terms of said debentures. In the second count plaintiff sought recovery of interest alleged to be due on said debentures. Defendant filed its motion to dismiss the action on the ground that the petition, in each count, failed to state a claim upon which relief could be granted. This motion was sustained and the cause was dismissed. Plaintiff has appealed.

Since the case must be decided upon the facts alleged in the petition, and shown by the exhibits referred to in the pleadings, we will detail those facts which are pertinent to the issues presented on this appeal.

The petition alleged that prior to and since March 15, 1948, plaintiff was a stockholder of defendant. On the above mentioned date defendant issued to plaintiff, as such stockholder, certain rights to purchase three 4½% Fifteen Year Convertible Sinking Fund Debentures, which purchase rights plaintiff exercised. Thereupon defendant issued to plaintiff three identical debenture certificates, maturity March 15, 1963, in the form shown by Exhibit A attached to the petition. Exhibit A was a photostatic copy of one of the debentures. The debenture provided it was issued under and pursuant "to an indenture dated as of March 15, 1948 * * * duly executed and delivered by the Company to Mercantile-Commerce Bank & Trust Company * * * to which indenture and all indentures supplemental thereto reference is hereby made for a description of the rights, limitation of rights, obligations, duties and immunities thereunder of the Trustee, the Company and the holders of the Debentures and coupons."

It was further provided in said debenture that:

"Subject to the provisions of the Indenture, the holder hereof has the right at his option, at any time up to and including March 15, 1963 (except that, in case this Debenture shall be called for redemption, such right shall terminate as provided in the Indenture), to convert the principal hereof into fully-paid and non-assessable shares of Common Stock of the Company, at the conversion price of $6.25 per share, upon surrender of this Debenture to the Company at said office or agency of the Company in said Borough of Manhattan, or in said City of St. Louis, with all unmatured coupons hereto appertaining * * *."

The debenture further provided:

"As provided in the Indenture, the Debentures may be redeemed, at the option of the Company, as a whole or from time to time in part * * * at any time prior to maturity, upon the notice referred to below * * *. The notice of redemption to the holders of Debentures to be redeemed as a whole or in part, other than those registered as to principal, shall be given by publication of a notice of such redemption at least four times, each publication to

be made in at least two newspapers printed in the English language and customarily published at least once a day for at least five days in each calendar week and of general circulation, one in the said Borough of Manhattan, and one in said City of St. Louis, the first such publication to be not less than thirty nor more than ninety days prior to the date fixed for redemption, all as provided in the Indenture."

The Indenture contains the additional provision that, "It shall not be necessary for more than one such publication to be made in the same newspaper."

In July 1950 defendant gave notice of redemption of its outstanding debentures by publication in the St. Louis Post-Dispatch on July 14, 1950, in the St. Louis Globe Democrat on July 15, 1950, in the St. Louis Star Times on July 17, 1950, in the St. Louis Daily Record on July 24, 1950, and in the St. Louis Star Times on July 24, 1950. A like notice was published in the New York Times on July 14, 1950, the New York Herald Tribune on July 15, 1950, the Wall Street Journal on July 17, 1950, and again in the New York Herald Tribune on July 24, 1950. The notice stated that defendant had elected and would redeem all of its outstanding debentures on August 14, 1950 at 102½% of the principal amount thereof, plus accrued interest to the redemption date.

It was alleged in the petition, "That plaintiff does not customarily read the New York newspapers, and did not see any of the aforesaid notices of redemption published in the Times, Herald Tribune, or Wall Street Journal. That at the time plaintiff did not customarily read any St. Louis newspaper other than the Post-Dispatch. That he was not in St. Louis on July 14, 1950, and did not see defendant's aforesaid notice of redemption published in the Post-Dispatch on July 14, 1950, nor did he see the aforesaid notices of redemption published in the Globe-Democrat, Star-Times, or Daily Record. Plaintiff did not learn of

such publications, and was not made aware of the fact that defendant had attempted to call his said debentures for redemption, until sometime in July of 1960. He had been paid no interest thereon since March 15, 1949, but his debentures carried no interest coupons maturing after that date, and he was thereby led to believe that all further interest was to accumulate and be paid by defendant with the principal on March 15, 1963, his debentures' maturity date."

It was further alleged "That on August 4, 1960, plaintiff tendered to defendant his three said debentures and formally sought to exercise his said right to convert them into common stock of defendant at the conversion price of $6.25 per share. He requested that 48 shares of said stock be issued to him in his name in exchange for his said three $100.00 debentures. His request was then and there denied by defendant."

It was alleged in said petition that the language of the debentures providing for notice of redemption is ambiguous "in that it is not clear therefrom whether the redemption notice had to be published at least four times in each of the at least two newspapers selected, or whether the redemption notice would be effective if published once each time in any four qualified St. Louis newspapers and once each time in any four qualified Borough of Manhattan newspapers."

It was further alleged, "That since defendant was responsible for its creation, said ambiguity must be resolved against defendant, and said quoted language must be interpreted to mean that the redemption notice, to be effective, had to be published at least four times in at least one qualified St. Louis newspaper, and at least four times in at least one qualified Borough of Manhattan newspaper, despite the fact that said indenture, though not said debentures, provides that 'It shall not be necessary for more than one such publication to be made in the same newspaper.' Defendant did not show that provision of the indenture to plaintiff, nor did defendant advise plaintiff. thereof, when it sold him his debentures. That pro-

vision of the indenture is in conflict with the aforesaid notice of redemption provisions of plaintiff's debentures when interpreted as aforesaid, and is likewise unusual, unexpected, and not in accordance with custom or with law."

The prayer of the first count was for an order on defendant to issue to plaintiff 48 shares of its common stock, or in the event defendant had no unissued common stock to procure same by purchase in the market.

In the second count, plaintiff adopted by reference the allegations of Count 1 and then alleged a demand made on defendant on August 5, 1960, that he be paid the interest accrued on said debentures from March 15, 1949, he having been paid the interest due to March 15, 1949; that defendant refused to pay said interest; that on August 8, 1960, defendant offered to pay the principal and 2½% premium on said debentures, and interest in the amount of $6.36 per debenture, being the interest due from March 15, 1949 through August 14, 1950, but only if plaintiff surrendered his said debentures for cancellation; that plaintiff declined to so surrender his debentures, and on August 9, 1960, requested defendant to pay interest from March 15, 1949 through August 14, 1950; that on September 14, 1960, defendant agreed to pay, without surrender of said debentures for cancellation, the interest owing thereon from March 15, 1949 through August 14, 1950, upon presentation of the debentures for notation thereon of the payment of said interest; that on September 27, 1960, plaintiff presented said debentures to defendant for such notation thereon and requested there be paid interest from March 14, 1949 through August 14, 1950, which request was refused unless plaintiff permitted a further notation to be made on said debentures that August 14, 1950 was the date that had been fixed for redemption thereof; that plaintiff declined to permit such notation to be made; and that each debenture states on its face that the obligation of defendant to pay the interest was "absolute and unconditional."

It was further alleged that on September 30, 1960, defendant withdrew its condition respecting the notation to be made on said debentures, and paid plaintiff the interest owing thereon from March 15, 1949 through August 14, 1950, noting said payment on the back of each debenture, but refused to pay the interest owing from August 14, 1950, alleging that said debentures had been validly called for redemption on August 14, 1950 and that no interest accrued thereafter; that the indenture provides that interest will cease to accrue on said debentures after their redemption date.

It was further alleged that said debentures were not validly called for redemption on August 14, 1950, or on any other date, in that no notice of redemption as provided for on the face of said debentures was published, the only notice published being that recited in Count 1 of the petition, which was insufficient in that it was published only twice in one St. Louis newspaper, the Star-Times, and only once in each of three other St. Louis newspapers, and only twice in one New York newspaper, the Herald Tribune and only once in two other New York newspapers, and not four times in each of two newspapers, one in St. Louis and one in the Borough of Manhattan.

The prayer of said second count was for a judgment for interest on said debentures from August 15, 1950 to August 15, 1960 with interest.

Defendant's motion to dismiss alleged that the petition in each count failed to state a claim upon which relief could be granted. It then averred as follows:

"The petition and the exhibit attached thereto show on their faces, as a matter of law, that plaintiff's convertible debentures were called for redemption effective August 14, 1950, that said call was in all respects legal, valid and binding upon plaintiff and in full compliance with the provisions of said debentures and the Indenture under which they were issued, and that by reason of said redemption all rights

of plaintiff to receive further interest or to convert said debentures into common stock were extinguished on August 14, 1950."

The finding and judgment of the trial court reads as follows:

"The issues in this case are simple. The real question involved is, was the notice of redemption published in compliance with the provisions of the debentures and indentures under which they were issued.

"It is the opinion of the Court, and the Court finds as a matter of law that all terms of said debentures and indentures were fully complied with, and the Court is unable to find any ambiguity in connection therewith.

"The Court must therefore sustain defendant's motion to dismiss as to all counts.

"It is so ordered."

■ Appellant's first point is that the Court erred in holding that the notice of redemption was published in compliance with the requirements of the debentures and the indenture. In support of this contention it is urged that to be effective the publication of notice had to be published at least four times in one St. Louis newspaper and at least four times in a newspaper published in the Borough of Manhatten. There is no merit to this contention. The debentures provide that the notice of redemption be published at least four times, and that each publication be made in at least two newspapers, one in the Borough of Manhattan and one in the City of St. Louis. The indenture provides that it is not necessary for more than one such publication be made in the same newspaper. The facts as shown by the plaintiff's petition are that publication was had four times in newspapers in the City of St. Louis and four times in newspapers in the Borough of Manhattan. This was a compliance with the terms of the debentures and indenture.

It is next urged that the court erred in not finding that an ambiguity existed in the notice provisions of the debentures and indenture, and resolving the ambiguity by construing the provisions in plaintiff's favor by holding that said provision required publication four times in one St. Louis newspaper and four times in one newspaper published in the Borough of Manhattan. It is our view that the provisions in question are not ambiguous, and that under the terms thereof respondent was clearly allowed to use the same two or a different two newspapers on the occasion of each publication, the only restriction being that one qualified newspaper be in the City of St. Louis and one be in the Borough of Manhattan.

Appellant's next point is that the Court erred in giving effect to the provision of the indenture that "It shall not be necessary for more than one such publication to be made in the same newspaper." It is urged in support of this contention, (1) that the provision is not clearly and unequivocally incorporated in the debentures by reference or otherwise; and (2) that it is inconsistent with the provisions of the debentures which, when properly interpreted, require publication at least four times in at least two newspapers.

■ Addressing ourselves to the first proposition advanced: It is clear that the debentures make the indenture provision binding upon the debenture holder. The right of conversion, which plaintiff is attempting to assert, is stated on the face of the debentures to be "Subject to the provisions of the Indenture." The debentures refer to the indenture "for a description of the rights, limitation of rights, obligations, duties and immunities thereunder of the Trustee, the Company and the holders of the Debentures and coupons." The provision for notice of redemption reads that it is " * ` * * As provided in the Indenture." We believe the language of the debentures clearly incorporate by reference the provision of the indenture in question. Reitz

v. Pontiac Realty Co., 316 Mo. 1257, 293 S.W. 382; J. C. Muren v. Southern Coal & Mining Co., 177 Mo.App. 600, 160 S.W. 835; St. Louis-Carterville Coal Co. v. Southern Coal & Mining Co., 194 Mo.App. 598, 186 S.W. 1152. Nor is there any inconsistency between the debenture provision and that of the indenture. Both lodge a discretion in the company to use one or more newspapers in each city mentioned in effecting publication of notice.

■ It is next urged that defendant is precluded from enforcing the redemption provisions for the reason that the heading of debenture recites in large type, "Fifteen Year Convertible Sinking Fund Debenture" and at the bottom of each is Laclede's Signature, seal, and the trustees' certificate, all likewise in large size capital letters, while redemption clause is in small print in the body of the instrument. The point, in our judgment, is clearly without merit. The large type caption can only be said to be a general description of the debenture, and no one could reasonably believe that it contained all the terms of the agreement. It is obvious that the small print in the body of the instrument contains the details of what is briefly introduced by the caption. The point is ruled against the appellant.

■ Finally it is urged that appellant's right to interest covers the period running from August 14, 1950, because of the following provision of the Indenture:

> "No reference herein to the Indenture and no provision of this Debenture or of the Indenture shall alter or impair the obligation of the Company, which is absolute and unconditional, to pay the principal of (and premium, if any) and interest on this Debenture at the place, at the respective times, at the rate and in the currency herein prescribed."

There is no merit to this contention. The time prescribed in the debenture for the payment of interest in the event of redemption was the date fixed for redemption.

Here the accrual of interest on plaintiff's debentures stopped at the date of redemption, August 14, 1950. Since the petition shows that plaintiff has been paid interest to that date, Count 2 of his petition failed to state a claim upon which relief could be granted.

In our opinion, the trial court properly sustained the Motion to Dismiss both Counts of the petition. The judgment is affirmed.

WOLFE and RUDDY, JJ., concur.